Action by Christian Kummel against the Germania Savings Bank, to recover a sum of money deposited by plaintiff with defendant, and paid by the latter to a third person who presented the bank-book, but who had no written authority from plaintiff. Judgment on verdict for plaintiff, and defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Wm. D. Vedder*, for appellant. *Hirsh & Rasquin*, (*Hugo Hirsh*, of counsel,) for respondent.

PRATT, J. The case in 57 N. Y. 423, (*Schoenwald* v. *Bank*,) is not in point. There the contract between the parties provided that any payments made to persons presenting the deposit books should be valid payments to the depositors. In the case at bar the contract provides that no payments shall be made, unless the depositor call for the same in person, or by attorney duly constituted by writing signed and acknowledged. It might well be supposed that the contract was drawn in view of the decision in 57 N. Y., to give confidence to depositors that their money would be safe and forthcoming when demanded. Upon the terms of the contract it is not easy to see why plaintiff was not entitled to a more favorable direction to the jury than he in fact received; for no claim was made that plaintiff had executed any written order for payment, and if he did not himself receive the disputed payments their invalidity seems clear. If it be argued that the subsequent provision in the contract, to the effect that the bank will not be liable for any fraud committed by producing the bank-book, it may be answered that if the provisions are inconsistent the prior provision must stand and the later one be rejected. 2 Pars. Cont., cited *Neudecker* v. *Kohlberg*, 3 Daly, 407. It should be also said that the judgment given below does not in any just sense hold defendants liable for a fraud committed by a depositor. The liability to which they were held is to pay money they received from plaintiff, and for which they had not discharged themselves by a payment authorized by their contract. Judgment affirmed, with costs.

---

HAMEL *v.* BROOKLYN & N. Y. FERRY CO.

(*Supreme Court, General Term, Second Department. July 2, 1889.*)

MASTER AND SERVANT—LIABILITY FOR SERVANT'S TORT.
     In an action for assault and battery and false imprisonment, the court correctly charged that if defendant's employé unjustifiably assaulted plaintiff, (while and because plaintiff attempted to pass through a gate of which the employé was in charge,) and as a part of the same transaction, and assuming to act under defendant's authority, called in a police officer, and had plaintiff arrested, defendant was liable. Whether defendant authorized the arrest or not was immaterial.

Appeal from circuit court, Kings county.

This was an action by James E. Hamel against the Brooklyn & New York Ferry Company, to recover damages for assault and battery, false imprisonment, and malicious prosecution. The evidence was conflicting in all material respects, and the only facts not in dispute are that on the 10th of April, 1888, plaintiff and a companion, having paid their fare, attempted to pass through defendant's ferry gate leading from the passenger entrance to the bridge and ferry-boat, but were resisted by defendant's employé in charge of the gate, who was then in the act of closing it; the whistle having sounded warning that the ferry-boat was about to start. A quarrel arose between plaintiff and the gate-keeper, and plaintiff's evidence tended to prove that the gate-keeper assaulted and beat him. While they were still engaged in altercation, plaintiff was arrested by a policeman, and temporarily imprisoned. It was a disputed question whether the arrest was made at the instance and request of the gate-keeper, or by the officer on his own motion. The charge

against plaintiff, which appeared to have been lodged by the gate-keeper, was for assault and battery; and at the trial, which resulted in plaintiff's discharge, the gate-keeper was the principal witness against him. Defendant's superintendent was also present at the trial, and testified against plaintiff. Defendant, in this action, requested the court to charge (1) that it was established by the evidence that defendant did not authorize or direct in any way plaintiff's arrest and prosecution; (2) that there was no evidence that defendant authorized or directed his arrest or prosecution as alleged; (3) that the jury must not infer from the mere arrest and prosecution, and the surrounding circumstances, that defendant authorized the same. All these requests were declined, except as covered by the general charge. Plaintiff had a verdict and judgment for $500, and defendant appeals.

*James & Thomas H. Troy,* for appellant.    *A. W. Gleason,* for respondent.

PRATT, J. The testimony was conflicting, and the questions of fact were properly submitted to the jury. There is no such preponderance of evidence as to justify interfering with the verdict. The exceptions to defendant's requests to charge cannot be sustained. The gateman was an employé of defendant, and it was correctly charged that if he assaulted the plaintiff, and, assuming to act under the authority of defendant, and as a part of that transaction, called in a police officer, and had plaintiff arrested, the defendant was liable. Whether defendant authorized the arrest or prosecution was not important. If its employé, acting within the general scope of his duty, unjustifiably caused it, defendant must respond. There was evidence enough on that point to go to the jury. We think the court correctly laid down the law. Judgment affirmed, with costs.