## MARGARET E. NIEBUHR, Appellant, *v.* JOHN SCHREYER, Respondent.

A party desiring to claim that facts offered to be proved are not competent under the pleadings must in some way raise the objection on trial; if he fail to do this he will be deemed to have waived it and to have consented that the evidence should have its legal force and effect.

Where the record on appeal in an action tried by a referee contained none of the evidence, but simply so far as proofs were concerned the referee's findings of fact. *Held*, it was to be assumed that all the evidence upon which the findings were based was received without objection; and that the question as to the competency of the evidence under the pleadings was waived, and so, it could not be considered here.

(Argued June 13, 1892; decided October 4, 1892).

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York, entered upon an order made April 6, 1891, which affirmed a judgment in favor of defendant, entered upon the report of a referee.

This was an action for an accounting in respect to certain property alleged to be held as partnership property.

The following is the opinion in full:

"The very satisfactory opinion delivered in the General Term leaves but little to be said here.

"This record contains only the findings of the referee, and none of the evidence, and therefore we have only to determine whether the conclusions of law are justified by the findings of fact.

"The record presents no questions as to the pleadings. We cannot know that any objection based on the pleadings was made to any of the evidence and we must assume that all the evidence given upon which the findings of fact were based was received without objection, and hence that it was entitled to be considered and to have effect in the decision of the case. A party desiring to claim that facts offered to be proved are not warranted by the pleadings and the issues made by them, must in some way at the trial object to the proof as incompetent under the pleadings, or else he will be deemed to have waived his objection and to have consented that it should have its legal force and effect.

"There was no mistake in the findings of law as to the proceeds of the premises No. 424 West 40th street. The argument of plaintiff's counsel to charge these proceeds to the defendant is not even plausible, and needs no more attention than it has received in the opinion of the court below.

"The main objection of the plaintiff is to the allowance to the defendant of the sum of $8,000, which is one-third of the profits realized from the eight houses and lots situate on West Forty-fifth street, and on Fourth avenue. She objects that that sum was a usurious bonus agreed to be paid to the defendant for the loan of money. There is no allegation of usury in the complaint or reply. It does not appear that any objection ·pointing to usury was made at the trial or in any way brought

to the attention of the referee. There was no finding, and there was no request to find that the one-third of the profits was agreed to be paid in addition to the legal rate of interest for the loan or forbearance of money. The finding of the referee is that the defendant agreed to advance 'such moneys as should be needed to erect such buildings and pay for such lots over and above such as should be raised on bond and mortgage thereon; and, on the sale of the houses and lots should from the purchase price thereof be repaid, all of his advances made with interest thereon, and should be entitled to receive in addition thereto one-third of the profits that should be received on such sale,' and that afterward, for the better assurance and security of the defendant, the plaintiff, by an instrument in writing, ' declared that she held the title to said property (the eight houses and lots) subject to the repayment of the defendant's advances thereon with interest, and the payment of one-third of the net profits arising on the sale thereof, as and when sold and conveyed or otherwise disposed of.' The findings tended to show that the parties were jointly interested in these houses and lots under an agreement by which the defendant was to have the money advanced by him with the interest thereon and one-third of the profits. That agreement was reduced to writing signed by the plaintiff, which, as the referee found, specified the relationship between the parties as to the eight houses and lots. That writing was put in evidence and marked as an exhibit, and yet it does not appear in the case, and we do not know what its precise terms were. We cannot infer that it created the relation of borrower and lender between these parties, or that it provided for usury to be paid by the plaintiff for money loaned to her by the defendant. The inference from the findings is that it made the parties jointly interested in the real estate to the extent and in the manner above specified. The plaintiff had the burden of establishing the usury which she now charges, and if that paper showed the relation of borrower and lender she should either have had additional findings or have printed the writing in the record. There is nothing in this record upon which she can now base the charge of usury which her counsel makes.

"The judgment should be affirmed, with costs."

*T. Mitchell Tyng* for appellant.

*Alex Thain* for respondent.

EARL, Ch. J., reads for affirmance.
All concur.
Judgment affirmed. _____