(64 App. Div. 109.)

## BARCUS v. DORRIES.

(Supreme Court, Appellate Division, Fourth Department. July 23, 1901.)

1. TRIAL—PLEADINGS—EVIDENCE—OBJECTIONS—APPEAL AND ERROR.

Where an action is tried apparently without reference to the pleadings, and no evidence is objected to as incompetent thereunder, the court should determine, on all the evidence given, without reference to the pleadings, whether or not the judgment is supported by the evidence and the law applicable thereto.

2. CONTRACTS—PARTIES—KNOWLEDGE—MISREPRESENTATION—FRAUD.

Plaintiff, doing business under the name of Committee on Distribution, through his agent obtained defendant's order for certain books. The agent falsely represented and induced defendant to believe that he was purchasing the books from a committee of the United States congress, that the books could be obtained only on the recommendation of a congressman, and that he had been recommended by the congressman of his district. Held, that defendant was under no obligation to take the books from plaintiff, even though they were in every respect as good as represented.

Williams, J., dissenting.

Appeal from special term, Erie county.

Action by James S. Barcus against August L. Dorries. From a judgment of the special term affirming a judgment of the municipal court of Buffalo dismissing plaintiff's complaint, he appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and RUMSEY, JJ.

George F. Yeomans, for appellant.
William G. Kilhoffer, for respondent.

McLENNAN, J. The plaintiff by his complaint alleges, in substance, that at all the times in question he was engaged in business under the firm name and style of Committee on Distribution; that on July 5, 1900, he and the defendant entered into a contract whereby the defendant promised and agreed to purchase of the plaintiff one set of books, known as "Messages and Papers of the Presidents," in 10 volumes, for which the plaintiff agreed to pay the sum of $34 upon delivery; that the plaintiff offered to deliver said books according to the terms of said contract; and that the defendant refused to accept or pay for the same. It is further alleged that on the same day the defendant delivered to the plaintiff his check for $7, payable to the order of the plaintiff, to apply upon the purchase price of said books; that the check was duly presented for payment, payment was refused, and it was duly protested, at an expense of $1.75, and remains unpaid. Judgment is demanded against the defendant for the sum of $35.70, with interest thereon from July 5, 1900, besides costs.

It may be doubted whether the defendant by his answer put in issue any of the material allegations of the complaint. The defendant denies knowledge, or information sufficient to form a belief, as to whether the plaintiff was engaged in business under the firm name and style of Committee on Distribution. He admits, in substance, that he entered into the contract set forth in the complaint with some person representing the plaintiff, but alleges that such person made certain representations as to the character in which he was acting which were false and untrue; that he stated that he had been directed by a congressional committee to deliver to the defendant the books in question, and that in order to get such books it would be necessary to make the contract in question; that the said congressional committee had selected the names of certain parties upon representation of the member of congress from defendant's district, among which was the name of defendant, and that said books could be delivered only to the persons so named; that said books were not for sale on the market. And the defendant alleges that upon such representations, all of which were false and untrue, he made the contract in question; that, upon ascertaining the falsity of such representations, he immediately notified the plaintiff to that effect, and directed him not to send the books. It is also alleged that the check referred to in the complaint was obtained by the plaintiff upon the same representations, and that upon

learning of their falsity the defendant stopped the payment thereof. There is no allegation in the answer that the books were not in all respects as represented, or that they were worth less than the contract price. It is, however, unnecessary to analyze the pleadings, or to ascertain what questions of fact were put in issue by them, as both parties entered upon the trial apparently without reference to the pleadings, and neither party objected to any of the evidence offered or received, upon the ground that it was incompetent under the pleadings, or in any manner raised any question as to their sufficiency. Under those circumstances, we think it well settled that upon all the evidence given, without reference to the pleadings, it must be determined whether or not the judgment appealed from was proper, and supported by the facts as proven, and the law applicable thereto. A party seeking to enforce the rule that facts, though proven, are not available, because not pleaded, must take this ground at the trial; otherwise, he cannot avail himself thereof on review. Voorhees v. Burchard, 55 N. Y. 98; Fowler v. Bank, 113 N. Y. 450, 21 N. E. 172, 4 L. R. A. 145, 10 Am. St. Rep. 479. In the case of Niebuhr v. Schreyer, 135 N. Y. 614, 32 N. E. 13, the rule is stated in the headnote as follows:

"A party desiring to claim that facts offered to be proven are not competent under the pleadings must in some way raise the objection on the trial. If he fail to do this, he will be deemed to have waived it, and to have consented that the evidence should have its legal force and effect."

The plaintiff introduced in evidence the following memorandum or contract:

"Application Blank.

"Buffalo, July 5, 1900.

"Committee on Distribution, R. J. Bodmer, Treasurer, Washington, D. C.

"Balance to be paid on receipt of bill and books.

"Dear Sir: Please have delivered to me set of 'Messages and Papers of the Presidents,' in ten volumes, bound in half morocco de luxe (limited), printed from government plate, and authorized by congress, for which I agree to pay $34.00 to R. J. Bodmer, treasurer of the Committee on Distribution. I also agree to pay cost of transportation. Send books by ——— Ex.

"Received payment, $7.00 on a/c.

"Name: August L. Dorries. Bus. Address: 102 Pearl St. Residence: 419 Carlton St. Occupation: Hardware.

"Deliver books about 'at once,' 1900.

"Accepted for committee.  F. H. Burnett, Subcommittee No. 4."

The plaintiff also offered in evidence the check set out in the complaint, together with the exemplification of protest annexed, and rested.

The evidence offered on behalf of the defendant was sufficient to justify the trial court in finding that there was no committee of congress known as the Committee on Distribution; that R. J. Bodmer, or any other person, was not treasurer of such committee; that the plaintiff was not in fact representing such a committee, or any committee, in selling the books in question to the defendant; that the contract was not accepted for the Committee on Distribution, or any committee, by F. H. Burnett, subcommittee No. 4, and that there was no subcommittee No. 4. The evidence justified the finding that congress had nothing whatever to do with the books

in question, or with their sale through a committee or in any other manner; that the books were the property of the plaintiff, and were sold solely for his own benefit, and as his individual enterprise. The evidence also shows that the congressmen of the district in which the defendant lived did not give to the plaintiff or his agent the name of the defendant as a person who should have or purchase the books in question, or have any knowledge whatever of the sale of the books in question, or of like books; that the statements made by the plaintiff's agent to the effect that the books could only be obtained upon the recommendation of a congressman, and that only one copy could be furnished to a single individual, and all the other statements made by him, were absolutely false and untrue, and that all the statements made by the plaintiff's agent, the person who called upon the defendant to negotiate the sale of the books in question, were made for the purpose of inducing the defendant to believe, and he did believe, that he was purchasing the books in question from a committee of congress, and that the books were being sold by the congress of the United States, through such committee, and that he was dealing with such committee, and not with the plaintiff or any other person in his individual capacity; and that the defendant, in signing the contract or order in question, did not know or understand that he was purchasing the books in question from the plaintiff, or that he was in any manner dealing with him, but that he believed and understood, and had a right to believe and understand, by reason of the representations made by plaintiff's agent, that he was dealing with a committee of the congress of the United States, and that he had purchased the books in question from such committee. Upon such a state of facts, which the evidence amply justified the trial court in finding, we think the plaintiff was not entitled to recover, and the judgment dismissing plaintiff's complaint, with costs, was proper. The plaintiff did not simply assume to sell to the defendant books of a certain character or quality, but, in effect, he represented that he was selling books which belonged to and were the property of congress or of its committee. He represented that he was acting as agent, and not as principal; and, as we have seen, the defendant believed, and had a right to believe, that in signing the contract or order in question he was buying books of the Committee on Distribution, and not from the plaintiff at all. Under those circumstances, we think it was entirely immaterial that the defendant got the precise books which he bargained for, and that they were in every way as valuable as if they had been the property of the Committee on Distribution, and sold by such committee to him. The principle which is controlling in this case, and which prevents a recovery by the plaintiff, is stated in the case of Arkansas Valley Smelting Co. v. Belden Min. Co., 127 U. S. 387, 8 Sup. Ct. 1308, 32 L. Ed. 246, as follows:

"But every one has a right to select and determine with whom he will contract, and cannot have another person thrust upon him without his consent."

This language was adopted by Judge Endicott in the case of Ice Co. v. Potter, 123 Mass. 28, 25 Am. Rep. 9. In that case A., who

had bought ice of B., ceased to take it on account of dissatisfaction with B., and contracted for ice with C. Subsequently B. bought out C.'s business, and delivered ice to A. without notifying him of his purchase until after the delivery and consumption of the ice. It was held that B. could not maintain an action for the price of the ice against A. The learned judge, in writing the opinion of the court, said:

"To entitle the plaintiff to recover, it must show some contract with the defendant. There was no express contract, and, upon the facts stated, no contract is to be implied. The defendant had taken ice from the plaintiff in 1873, but, on account of some dissatisfaction with the manner of supply, he terminated his contract, and made a contract for his supply with the Citizens' Ice Company. The plaintiff afterwards delivered ice to the defendant for one year without notifying the defendant, as the presiding judge has found, that it had bought out the business of the Citizens' Ice Company, until after the delivery and consumption of the ice. * * * A party has a right to select and determine with whom he will contract, and cannot have another person thrust upon him without his consent. It may be of importance to him who performs the contract, as when he contracts with another to paint a picture or write a book, or furnish articles of a particular kind, or when he relies upon the character or qualities of an individual, or has, as in this case, reasons why he does not wish to deal with a particular party. In all these cases, as he may contract with whom he pleases, the sufficiency of his reasons for so doing cannot be inquired into."

The same doctrine was held in Boulton v. Jones, 2 Hurl. & N. 564. In that case the defendant, who had been in the habit of dealing with one Brockelhurst, sent a written order to him for goods. The plaintiff, who had on the same day bought out the business of Brockelhurst, executed the order without giving the defendant notice that the goods were supplied by him, and not by Brockelhurst. And it was held that the plaintiff could not maintain an action for the price of the goods against the defendant. In Winchester v. Howard, 97 Mass. 303, 93 Am. Dec. 93, S., being W.'s agent to sell a pair of oxen, concealed his agency in the negotiations for the sale of them to H., and, in answer to H.'s inquiry, made representations tending to induce H. to believe that they were the property of S. himself, and not of W., and agreed that H. might drive them home, and that he would give H. a bill of sale for them the next day, and that H. might drive them back if he did not find them as S. had told him. H. drove them home, and discovering the same evening that W. claimed to own them, and that they had never been the property of S., for that reason drove them back the next morning, and refused to take the bill of sale. It was held in the action of W. against H. for the price of the oxen that it should have been left to the jury to determine, under all the circumstances, whether the minds of the parties really met, and, if so, what the contract was. In Fox v. Tabel, 66 Conn. 397, 34 Atl. 101, the headnote is as follows:

"No action will lie on an order for goods obtained from the defendant by the false and fraudulent representations of the plaintiff that he was the authorized agent of a certain manufacturer or merchant. In such case it is immaterial that the goods of a different maker, which were tendered by the plaintiff, conformed in quality and design to those ordered, as the defendant had a right to determine of whom he would buy. Nor is it necessary, under such circumstances, for the defendant to prove that he suffered damage, in order to sustain his defense of fraud."

These cases and others which are referred to in the opinions fully sustain the respondent's contention. I cannot find that the precise question has been decided by the courts of this state, but the principle would seem to be so well founded in reason as not to require the support of authority. It must be beyond doubt that a man has a right to purchase books or any other articles of property from any person he sees fit, who has such property for sale, and that he may not by fraud be induced to enter into a contract which purports to be a contract of purchase from such person, when in fact it is an agreement to purchase from another, a stranger, a person with whom he did not intend to deal, or from whom he did not wish to purchase or enter into contract with; and, if so, such contract thus fraudulently obtained, cannot be enforced. Such is the case at bar. It follows that the judgment appealed from should be affirmed, with costs.

Judgment affirmed, with costs.

ADAMS, P. J., and SPRING, J., concur. RUMSEY, J., concurs in separate memorandum. WILLIAMS, J., dissents.

RUMSEY, J. (concurring). I am satisfied that the defendant by his answer did not put in issue any of the substantial allegations of the complaint with respect to the contract, and that•the plaintiff would have been entitled to judgment upon the pleadings if he had insisted upon it. But as he saw fit to make proof, and made no objection to the offer of proof by the defendant to disprove the allegations of the complaint, he must be deemed, I think, to have consented that the pleadings should be abandoned, and the case might be tried upon the merits, without regard to the technical issues thus framed. When he did that he abandoned the advantage which he had obtained by the condition of the pleadings, and he could not expect to recover unless he made the proof which would have been required if his allegations had been put in issue. The contract that he proved was made with the Committee on Distribution. Having proved that contract and relied upon it, he could not, I think, recover unless he proved in some way that he had acquired title from the person or persons with whom the defendant contracted. That he failed to do. For that reason, I think the judgment was correct, and should be affirmed. I put my concurrence solely upon that ground, and upon no other.