LOUISA COLLINS, Respondent, *v*. JAMES BUTLER, Appellant.

MASTER AND SERVANT — LIABILITY OF MASTER FOR ASSAULT COMMITTED BY CLERK — QUESTION WHETHER CLERK ACTED WITHIN SCOPE OF EMPLOYMENT ONE OF FACT. Where a party is sued for an assault and battery committed by a clerk in his store upon a customer, the liability must depend upon proof of some express direction or authority of the defendant or upon facts and circumstances from which his direction or authority may be inferred, and that inference must be drawn by the jury as one of fact; that the evidence clearly showed the commission of the assault, and that the defendant did not justify it in so many words, does not warrant the trial court in deciding that the only question for the jury

is one of damages, where in addition to a general denial the defendant sets forth facts which in substance correspond to the common-law plea of *son assault demesne* and all the facts appear at the trial without any question being raised as to the sufficiency of the pleading; a refusal, therefore, to submit to the jury the questions whether the assault was committed and whether the clerk acted within the scope of his employment constitutes reversible error.

*Collins v. Butler*, 83 App. Div. 12, reversed.

(Submitted June 7, 1904; decided August 5, 1904.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered May 4, 1903, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, as far as material, are stated in the opinion.

*John H. Rogan* for the appellant. The charge to the jury was erroneous. (*Mott* v. *Con. I. Co.*, 73 N. Y. 543; *Dwinelle* v. *N. Y. C. & H. R. R. R. Co.*, 120 N. Y. 124; *Fortune* v. *Trainer*, 19 N. Y. Supp. 600; affd., 141 N. Y. 605; *Hamel* v. *B. & N. Y. F. Co.*, 6 N. Y. Supp. 102; affd., 125 N. Y. 707; *Girvin* v. *N. Y. C. & H. R. R. R. Co.*, 166 N. Y. 289; *Fogarty* v. *Wanamaker*, 60 App. Div. 433; *Rounds* v. *Railroad*, 64 N. Y. 137; *Cohen* v. *D. D., E. B. & B. R. R. Co.*, 69 N. Y. 170; 2 Abb. Tr. Brief [2d ed.], 1667; *Colrick* v. *Swinburne*, 105 N. Y. 503; *Strawn* v. *Brandt-Dent Co.*, 71 App. Div. 234; *King* v. *Kellar*, 109 N. Y. 215.) The alleged assault was not done in the prosecution of the business which the defendant employed his clerk to do. (*Palmeri* v. *M. R. Co.*, 133 N. Y. 266; *Mali* v. *Lord*, 39 N. Y. 381; *Meehan* v. *Morewood*, 52 Hun, 569; *Grimes* v. *Young*, 51 App. Div. 239; *Kennedy* v. *White*, 91 App. Div. 475.) It was error for the justice to refuse the several requests to charge. (*Hamburg* v. *S. M. Co.*, 4 N. Y. Supp. 185; *Mott* v. *C. I. Co.*, 73 N. Y. 543; *Mali* v. *Lord*, 39 N. Y. 381.)

*Edward Henry Harrison* for respondent. The judgment is supported by the rule of law established in this state for the liability of the master concerning the acts of his servant

resulting in an injury to third persons. (*Cosgrove v. Ogden*, 49 N. Y. 257; *Rounds* v. *D., L. & W. R. R. Co.*, 64 N. Y. 133; *Palmeri* v. *M. Ry. Co.*, 133 N. Y. 264; *Quinn* v. *Power*, 87 N. Y. 535; *Mott* v. *C. I. Co.*, 73 N. Y. 543; *Ochsenbein* v. *Shapley*, 85 N. Y. 218.) The charge to the jury was correct. (*Kain* v. *Larkins*, 56 Hun, 72.) The servant acted within the scope of his employment. (*Cohen* v. *D. D., E. B. & B. R. R. Co.*, 69 N. Y. 170; *Stewart* v. *B. & C. T. R. R. Co.*, 90 N. Y. 590.) The trial court was right in withholding from the jury the question of the scope of the servant's employment. (*Girvin* v. *N. Y. C. & H. R. R. R. Co.*, 166 N. Y. 289.)

O'BRIEN, J. The plaintiff recovered a verdict against the defendant in an action for assault and battery. It seems that the defendant is the proprietor of several stores in Brooklyn, where groceries, provisions and other goods are sold. It is not alleged or claimed that the defendant himself committed the assault, or directed it, or was present, or knew anything about it. The difficulty, whatever it really was, took place in one of the defendant's stores between the plaintiff and one of the clerks. The defendant's answer contained a general denial and the affirmative allegation "that if any injuries were sustained by the plaintiff, as alleged in said complaint, they were caused entirely by her fault and misconduct and without the fault or misconduct of the defendant, his servants, agents or employees."

On the trial there was no dispute about the fact that the difficulty between the plaintiff and the clerk was in respect to a basket of apples which was marked "five cents." The plaintiff says that having seen the apples outside the door, she went into the store and told the clerk she wanted them, laying down the five cents on the counter. The clerk went out, brought in a basket and was about to deliver it when he was informed by the boy outside the door that the plaintiff had before entering the store manipulated the apples in the basket by removing the small ones and supplying their place with

larger and better fruit. The clerk on learning this and inspecting the fruit himself told the plaintiff she could not have them for five cents and, as he says, the plaintiff commenced to call him names and abuse him. She indulged, as the proof tends to show, in loud talk and disorderly conduct. The clerk ordered her to leave the store and she refused, whereupon he laid his hands upon her and pushed her out of the door, using no more force than was necessary to remove her. Three disinterested witnesses who were present in the store at the time and saw the transaction, testify substantially to these facts. The plaintiff herself was the only witness who testified to anything like an assault upon her by the clerk or to any different version of what took place in the store at the time that the plaintiff claimed to have been assaulted.

The court below was not unanimous in the affirmance of the judgment, but the decision is nevertheless conclusive upon this court as to the facts, since there was at least some evidence upon which to base the verdict. The jury evidently believed the plaintiff's version of the transaction in the store and rejected that of the three witnesses for the defendant and, hence, the defendant's exceptions present the only questions of law open for review in this court. The issues in the case were issues of fact and embrace two propositions or questions :

(1) Was there any assault whatever committed on the plaintiff by the clerk ?

(2) If there was, did the clerk act within the scope of his duty and employment in such a sense as to render the defendant responsible for the assault ?

I think the difficulty with the case is that these two questions were decided in the plaintiff's favor by the court as questions of law and not by the jury as questions of fact. The learned trial judge instructed the jury in the following terms : " The evidence on both sides shows distinctly that this clerk, William Malloy, did put his hand upon the person of this plaintiff and did proceed to push her out, either forcibly or with such measure of power as was necessary for the occasion out of the store, after having at least told her to go out as

two or three of the witnesses say. That was an assault, gentlemen, so that there being no defense of justification the plaintiff is entitled to recover some damages. The other question which has arisen in this case as to whether this clerk was acting within the scope of his employment may be solved in favor of the plaintiff. The proprieter of a store who has subordinates under him and who is not there personally to give his attention to the management and conduct of that store, who entrusts it to clerks who may have one supervising clerk or manager to direct them all is responsible to some extent at least for the conduct of those clerks in that store as engaged in the management of his business, and anybody who comes into his store to buy goods from one of those clerks is entitled to reasonable protection from assault at the hands of one of those clerks, so far as that assault is made while he is negotiating a business transaction with a customer. Therefore, this William Malloy was acting within the scope of his employment and what he did was done with the apparent assent of other persons in the store; nobody interfered and this woman was ejected; when she got to the door, resisting to some extent, her hand was removed from the door and she was pushed into the street. There is no evidence that anybody kicked her.

" The question is, therefore, simply one of compensation — what will you award her? She is entitled to damages for the pain and the suffering which she endured. She is entitled to compensation for the loss of her power to earn her daily wages."

The defendant's counsel duly excepted to this part of the charge.

It will be seen from this language of the learned judge that the jury was instructed as to three propositions: (1) That the act of the clerk in pushing the plaintiff out of the store, after her refusal to go upon his request, was an unlawful interference by the clerk with the plaintiff's person and in law an assault.

(2) That the clerk in doing this acted within the scope of his duty and employment and his acts could be imputed to the defendant.

(3) That the only question for the jury was one of damages or compensation.

I think that the defendant was entitled to have all three of these questions submitted to the jury. When a party is sued for an assault and battery committed by his servant upon another, the liability must depend either upon proof of some express direction or authority of the master or upon facts and circumstances from which a direction or authority of the master may be inferred and that inference must be drawn by the jury as one of fact. This is the case of a clerk in a store alleged to have committed an assault upon a customer and the question is, was he acting within the scope of his employment. We are not dealing with the case of a railroad conductor or other agent of a corporation vested with discretion in emergencies. "There is no parallel," says this court in *Palmeri* v. *Manh. Ry. Co.* (133 N. Y. 266), "between the case of a clerk in a store who has a person arrested and searched upon suspicion of a theft and whose general employment could not warrant such an act and the present case of an agent who is considered to be invested by the carrier with a discretion."

It was held in *Mali* v. *Lord* (39 N. Y. 381) upon a state of fact substantially similar to the facts in this case, that the master was not liable. It is said that the rule in that case has been modified, if not changed, by subsequent cases, but it seems to me that the only modification of the doctrine of that case to be gathered from later cases is that in all such cases the question whether the servant acted within the scope of his employment or otherwise was one for the jury. (*Mott* v. *Consumers' Ice Co.*, 73 N. Y. 548, 550; *Dwinelle* v. *N. Y. C. & H. R. R. R. Co.*, 120 N. Y. 124; *Fortune* v. *Trainor*, 19 N. Y. Supp. 600; affd., 141 N. Y. 605; *Hamel* v. *B. & N. Y. Ferry Co.*, 6 N. Y. Supp. 102; affd., 125 N. Y. 707; *Girvin* v. *N. Y. C. & H. R. R. R. Co.*, 166 N. Y. 289; *Fogarty* v. *Wanamaker*, 60 App. Div. 433; *Rounds* v. *D., L. & W. R. R. Co.*, 64 N. Y. 137; *Cohen* v. *D. D., E. B. & B. R. R. Co.*, 69 N. Y. 170; *Meehan* v. *Morewood*, 52 Hun, 569; affd. on opinion below, 126 N. Y. 667.)

The reason given for taking the question in this case from the jury is that since the defendant did not in terms justify the assault in so many words, and as all agreed that the clerk put his hands upon the plaintiff and put her out of the store, there was no question left for the jury but that of damages. I think that was not a correct view of the case. The defendant, in addition to the general denial, set forth facts which in substance corresponded to the common-law plea of *son assault demesne*, and all the facts appeared at the trial without any question having been raised as to the sufficiency of the pleading. After the proof was all in, its effect could not be restricted for any reason based upon a defective pleading, and the jury had the right to consider it on the question whether the act of the clerk under the circumstances amounted to an assault, and, if so, whether it was justified by the conduct of the plaintiff. In an action for assault and battery the general denial puts in issue the whole case of the plaintiff on the facts and admits proof to show either that there was no interference with the person, or, if so, that it was justifiable under the circumstances. But if a plea in justification is or ever was necessary, the statement in the answer was sufficient for that purpose in the absence of a motion to correct the pleading before trial, or some objection to the evidence on that ground. After verdict and judgment the plaintiff cannot upon appeal be heard to restrict the scope and effect of the evidence on any ground based upon the pleadings. All the evidence was open for the consideration of the jury, and the defendant was entitled to the benefit of all the facts proven. (*Knapp* v. *Simon*, 96 N. Y. 284; *Holcomb* v. *Campbell*, 118 N. Y. 46, 55; *Baily* v. *Hornthal*, 154 N. Y. 648; *Springer* v. *Dwyer*, 50 N. Y. 19; *Frear* v. *Sweet*, 118 N. Y. 454, 458; *Colrick* v. *Swinburne*, 105 N. Y. 503; *King* v. *Mackellar*, 109 N. Y. 215.)

That this was not the view of the learned trial judge not only appears from the charge as made, but from his refusal to charge as requested. The defendant's counsel requested the court to instruct the jury as follows:

1. That if the jury do not find that the alleged assault was committed by the servant for the purpose of forwarding his master's interests and carrying out the work he was employed to do, their verdict must be for the defendant.

2. That the jury must find, before they can give the plaintiff a verdict, that the servant did or thought he was doing an act that his employment required him to do.

3. That the servant is not impliedly authorized by his master to do that which his. master himself being present would not be authorized to do.

4. To justify a verdict for the plaintiff the jury must find that the servant, in committing the assault, was at the time acting within the scope of his master's employment. The master is not responsible for the willful wrong of his servant, not done with a view to the master's service or for the purpose of executing his orders.

5. If the jury find that the evidence is evenly balanced, so that there is no preponderance of evidence on either side, their verdict must be for the defendant.

The court refused to charge any of these requests and the defendant's counsel excepted as to each proposition. Upon the theory stated by the learned judge in his charge, that there was no question for the jury but that of compensation or damages, the ruling upon these requests might be defended, but in no other way. Possibly some of these requests might be held to be too broad upon a critical examination or nice construction of language, but the rulings clearly disclose an erroneous theory of the case in the mind of the learned trial judge. But whatever may be said about the other proposition, the second, third, fourth and fifth were, I think, clearly correct and should have been charged.

The judgment should be reversed and a new trial granted, costs to abide the event.

Parker, Ch. J., Vann, Cullen and Werner, JJ. (and Martin, J., in result), concur; Bartlett, J., dissents.

Judgment reversed, etc.