## LANGLEY v. ROUSS.

(Supreme Court, Appellate Division, Second Department. June 9, 1905.)

1. BUILDING CONTRACTS—EXTRA WORK—ARCHITECT'S CERTIFICATE.
    · In an action by a building contractor to recover for extra work under the contract, and necessary changes, additions, and alterations, it is not necessary to allege a demand of the architect, and refusal by him to give a certificate.

2. TRIAL—EVIDENCE OF FACTS NOT ALLEGED.
    Where evidence of facts not alleged is admitted without objection, the party introducing the evidence is entitled to have it considered by the jury.
    [Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, §§ 261, 266.]

Appeal from Trial Term, Queens County.

Action by John Langley against Peter W. Rouss, as executor of the will of Charles Broadway Rouss, deceased. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

William J. Townsend, for appellant.
Nelson Zabriskie, for respondent.

RICH, J. This action was brought to recover the value of alleged extra work performed by the plaintiff in the construction of a building in the borough of Manhattan under the provisions of a contract between him and the owner. The amount sought to be recovered was $11,505.30, with interest. The questions involved in plaintiff's right to recover, as presented by the record, were considered upon the former appeal (85 App. Div. 27, 82 N. Y. Supp. 1082); and this court has held, in the language of Mr. Justice Bartlett, that:

"(1) The work for which the plaintiff seeks to recover in this suit was for the most part not covered by the specifications. This conclusion is subject to a possible exception in regard to some of the work included in the

third item of his claim, and to the view which the jury may take as to the relative depth of the foundation of the adjoining building, the shallowness of which constitutes the basis of the second item of the plaintiff's claim. (2) The contract bound the plaintiff to furnish estimates of extra work, and obtain the written consent of the architect therefor. (3) The architect's agency for the owner was broad enough to authorize him to waive this requirement. (4) The jury should have been allowed to pass upon the question whether he did waive it, or not, together with the other issues of fact indicated in this opinion, as well as the value of the work."

Upon the retrial the issues were submitted to the jury in a fair and impartial charge by the learned trial justice, to which but two exceptions were taken by defendant. The first was based upon the contention that the question of whether the alleged extra work was within the terms of the contract was one of law to be determined by the court. The cases cited by the learned counsel for the appellant were brought to our attention on the former appeal, and were then considered. The principles involved in the determination of those cases are radically different and easily distinguishable from those in the case at bar. The question in Cohen v. Berlin & Jones Envelope Co., 166 N. Y. 292, 59 N. E. 906, was whether the contract under consideration was on its face a contract in restraint of trade— a purely legal question. In Glacius v. Black, 67 N. Y. 563, the contract itself provided that the entire sheathing of the attic should be of felt. It was unambiguous, and presented no question of fact. In Dwight v. Germania Life Insurance Co., 103 N. Y. 342, 8 N. E. 654, 57 Am. St. Rep. 729, a policy of insurance was by its terms void if representations contained in the application were untrue. In the application the question was asked, "Is he now or has he been engaged in or connected with the manufacture or sale of any beer, wine, or other intoxicating liquors?" to which the applicant answered, "No." The trial court left it to the jury to say whether admitted sales of liquor were sales at all, within the meaning of the contract. This was held error, because the contract was plain and unambiguous. These decisions are not applicable to the case presented by this appeal, and are not in point.

The second exception was based upon the contention that there was no allegation in the complaint that the certificate of the architect was asked for and refused. Evidence of this was given by plaintiff, without objection, upon the trial. He testified (referring to all the extra work):

"I asked Mr. Dilthey for a certificate for this work. He did not give it to me. Q. What did he say? A. The same as he said before. By the Court: Q. What was that? A. Well, that he couldn't talk any extras at that time; Mr. Rouss wouldn't be seen in reference to extra work until the building would be finished, and Mr. Rouss got in there and doing business, and then all these matters would be straightened up. I also asked him after the building was finished, and he wouldn't give it to me."

The action being for extra work under the contract—for necessary changes, additions, and alterations—it was not necessary to allege a demand of the architect, and refusal by him to give a certificate. Dwyer v. Mayor, 77 App. Div. 224, 230, 79 N. Y. Supp. 17. And even if it was, the appellant cannot restrict the scope and

effect of the evidence on any ground that it was not pleaded. All the evidence was open for the consideration of the jury, and the plaintiff was entitled to have it considered, and to the benefit of all the facts proven. Collins v. Butler, 179 N. Y. 156, 71 N. E. 746.

After a careful reading of the case of Johnson v. City of Albany, 86 App. Div. 567, 83 N. Y. Supp. 1002, to which our attention has been called, we are still of the opinion that we have taken the correct view of this case.

The case was properly submitted to the jury, and, there being sufficient evidence to warrant the verdict, the judgment and order appealed from must be affirmed, with costs. All concur.