### CASSIDY v. CADY.

(Supreme Court, Appellate Term. February 27, 1906.)

ASSAULT AND BATTERY—BURDEN OF PROOF—JUSTIFICATION.

    In an action for assault and battery committed "without just cause or provocation," where the answer was a general denial, the burden is not upon defendant to prove justification.

    [Ed. Note.—For cases in point, see vol. 4, Cent. Dig. Assault and Battery, § 36.]

Appeal from City Court of New York, Trial Term.

Action by John J. Cassidy against James C. Cady. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and GIEGERICH and GREENBAUM, JJ.

David C. Myers, for appellant.
Jacob C. Brand, for respondent.

GREENBAUM, J. This action was brought for an assault and battery upon plaintiff, alleged to have been committed by defendant "without just cause or provocation." The answer was a general denial. The plaintiff claimed that he called upon defendant for a small sum due him for wages, whereupon the defendant paid him, and then threw him out of his office and down a stoop, to his serious injury. The defendant and his witnesses assert that plaintiff made a grab for defendant's throat, and that defendant in self-protection took hold of the plaintiff, and put him out upon the stoop, where he stumbled.

The question of provocation was an important one in the case. The learned trial justice in his charge to the jury stated that:

    "When an assault is committed by one person upon another, the burden is upon the person who commits the assault to show that he was justified in so doing. * * * Upon that issue the burden of proof is upon the defendant

to establish that he was justified, and upon the plaintiff to show that he was assaulted without justification. If the plaintiff shows he was assaulted by the defendant, then the burden rests on the defendant to show that he was justified in committing the assault. * * * The first question for you to determine here is whether or not this defendant has sustained the burden of proof the law casts upon him, and if he has satisfied you that he was justified in committing the assault upon the plaintiff. If he has not sustained the burden of proof, then the plaintiff is entitled to a verdict."

The learned court in its charge also assumed that under the pleadings the defendant would not have been permitted to prove justification, but that, as no objection had been interposed to said proof, he would submit the case to the jury as though a defense of justification had been pleaded.

At the conclusion of the charge, defendant's counsel asked the court to charge that "it is necessary for the plaintiff to establish the fact according to his pleadings, that 'defendant, without any just or lawful cause or provocation whatever, violently beat and assaulted the plaintiff'"; to which plaintiff's counsel stated, "There is no objection." Thereupon the court stated: "Then I so charge, and say in that connection * * * the burden is upon him [defendant] to show that he was justified in committing that assault." Defendant's counsel then asked the court to charge:

"That inasmuch as the plaintiff now consents to the charge that it was necessary for him to establish that fact, that the court do charge that he must establish the same by a preponderance of evidence. The court: I decline to make any such charge. I have submitted the case to the jury on the theory I think is the proper one. I will not charge directly contrary to it, even with the consent of plaintiff's counsel."

Exceptions were duly taken in each instance by defendant's counsel to the charge and refusals to charge upon the question of the burden of proof.

It is clear that the learned trial justice inadvertently erred in his statement of the law applicable to the case. To quote from Collins v. Butler, 179 N. Y. 156, 162, 71 N. E. 746, 747:

"In an action for assault and battery, the general denial puts in issue the whole case of the plaintiff on the facts, and admits proof to show either that there was no interference with the person, or, if so, that it was justifiable under the circumstances."

It must logically follow from the issues thus tendered by the pleadings that justification was not an affirmative defense, which put the burden of proof upon defendant. Spencer v. Citizens' M. L. Ins. Co., 142 N. Y. 505, 509, 37 N. E. 617. It is undoubtedly true that proof by plaintiff of an assault upon him on the part of the defendant would present prima facie a case from which a presumption would arise that the assault was committed without provocation or just cause. This, however, is merely a rule of evidence, which would not relieve the plaintiff, after the defendant had introduced testimony rebutting this presumption, from his obligation to maintain by a preponderance of evidence all the material issues presented and created from plaintiff's complaint; in other words, there is no shifting in such a case of the burden of proof from the shoulders of plaintiff upon those of defendant. It may be well to quote in this connection the following language

of Andrews, C. J., in Farmers' Loan & Trust Co. v. Seifke, 144 N. Y., at pages 359 and 360, 39 N. E. 359:

"There is confusion sometimes in treating of the burden of proof arising out of inexact definitions. The burden is upon a plaintiff to establish his cause of action when it is in proper form denied by the other party. In actions upon a promissory note this burden is, in the first instance, discharged by giving evidence tending to show that the note was signed by the defendant. Proof of signing also identifies and proves the seal when the action is upon a sealed instrument. But a defendant is not concluded. He may give evidence, under a general denial, to show that the signature is a forgery, or that the note had been materially altered by the plaintiff without his consent, or many other things which might be mentioned, showing that the plaintiff never had a cause of action. It is very common to say in such cases that the burden is upon the defendant to establish the fact relied upon. All that this can properly mean is that, when the plaintiff has established a prima facie case, the defendant is bound to controvert it by evidence, otherwise he will be cast in judgment. When such evidence is given, and the case upon the whole evidence, that for and that against the fact asserted by the plaintiff, is submitted to the court or jury, then the question of the burden of proof as to any fact, in its proper sense, arises, and rests upon the party upon whom it was at the outset, and is not shifted by the course of the trial; and the jury may be properly instructed that all the material issues tendered by the plaintiff must be established by him by a preponderance of evidence. * * * The general rule of pleading, which also accords with reason, is that defenses which assume or admit the original cause of action alleged, but are based upon subsequent facts or transactions, which go to qualify or defeat it, must be pleaded and proved by the defendant; and, on the other hand, the cause of action alleged by the plaintiff, and all its material incidents, must be asserted and proved by him, and in both cases the final event must be supported by a preponderance of evidence in favor of the party tendering the issue."

See, also, Claflin v. Meyer, 75 N. Y. 260, 31 Am. Rep. 467.

It follows that the erroneous instructions to the jury require a reversal of the judgment.

Judgment reversed, and new trial ordered, with costs and disbursements to appellant to abide the event. All concur.