### McKEON v. TAYLOR.

(Supreme Court, Appellate Term.    December 22, 1911.)

ASSAULT AND BATTERY (§ 43*)—CIVIL LIABILITY—EVIDENCE—INSTRUCTIONS.

    Where, in an action for assault, the evidence showed that plaintiff went to the room of a guest of a hotel where defendant was clerk, to collect a bill, and plaintiff testified that defendant assaulted her and admitted that she had said she would stay in the room of the guest until she collected the bill, and defendant testified that he placed his hand on her shoulder and said: "Be a good fellow. Let's settle this. Come downstairs"—and that he grabbed her wrists and held her after she had threatened to break everything in the room, the refusal to charge that if defendant and the guest requested plaintiff to leave the room, and she refused, defendant could remove her, using no more force than was necessary, and that plaintiff was not justified in remaining there because the guest refused to pay the bill, was reversible error.

    [Ed. Note.—For other cases, see Assault and Battery, Cent. Dig. §§ 57–62; Dec. Dig. § 43.*]

Appeal from City Court of New York, Trial Term.

Action by Mary McKeon against James P. Taylor. From a judgment for plaintiff and from an order denying a new trial, defendant appeals. Reversed and remanded.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Wentworth, Lowenstein & Stern (Louis Lowenstein, of counsel), for appellant.

Kauffman & Herzberg (Joseph M. Herzberg, of counsel), for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LEHMAN, J. The plaintiff has recovered judgment for damages which, she claims, she suffered by reason of an assault by the defendant. It appears that the plaintiff sought to recover payment of an account due her from the guest of a hotel where the defendant was employed as a clerk. According to her story, the defendant came into the room, hurled her against the wall and across a lounge; took hold of her and hurled her against the door going into the hall and hurled her through the hall. She admits that she said she would stay until she collected the bill. The defendant testified: That he was called to the guest's room. That the plaintiff was there using abusive language towards the guest. That he asked her to stop. That the plaintiff said: "If I don't get the money, I will break everything in this room. I will break the window and holler, 'Police!'" That he said, "You are not going to do that." That she then pushed him aside, and he grabbed her wrist and held her. That he said: "Don't do that. Be reasonable. Come downstairs. Stop this noise. It is a disturbance in my hotel. I cannot have it." On cross-examination he testified: "I laid my hand on her shoulder and said: 'Be a good fellow. Let's settle this. Come downstairs.'" The trial justice upon this conflict of testimony left to the jury the question whether or not the "defendant laid hands upon the plaintiff with force and violence as she complains." The defendant then requested the trial justice to charge:

"That if Miss Allen and Mr. Taylor requested this plaintiff to leave the room in question on that night, and she refused to leave the room, Mr. Taylor was justified, as matter of law, in removing her, provided he used no more force than necessary."

And also:

"That, if Miss Allen declined to pay plaintiff, plaintiff was not justified in remaining there, because she did not get her money."

The trial justice refused both these requests on the ground that they raised issues not within the pleadings.

There seems to be no doubt but that, if these requests were supported by the evidence, the trial justice was bound to submit these issues to the jury. Collins v. Butler, 179 N. Y. 156, 71 N. E. 746. The respondent contends only that there is no evidence upon which they could be predicated. It seems to me, on the contrary, that the evidence shows that the defendant did not deny that he laid hands upon the plaintiff, but claims only that he used no more violence than was necessary. The plaintiff herself admits that she stated that she would not leave the room until she collected the bill, and the defendant testified that he said: "Be a good fellow. Let's settle this. Come downstairs." This evidence was sufficient, in my opinion, to require the justice to charge the law applicable as requested by the defendant.

Judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.