CLARKE v. MARTIN. (No. 6641.)

(Supreme Court, Appellate Division, First Department. December 31, 1914.)

TRIAL (§ 105*)—RECEPTION OF EVIDENCE—FAILURE TO OBJECT.

    In an action for breach of promise of marriage, where defendant testified without objection that he had promised to marry plaintiff, but that the engagement was broken by mutual consent, the defendant was entitled to the benefit of the evidence, notwithstanding his failure to plead confession and avoidance.

    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 260–266; Dec. Dig. § 105;* Evidence, Cent. Dig. § 2430.]

    Scott, J., dissenting.

Appeal from Trial Term, New York County.

Action by Cora Maude Clarke against John Leon Martin for breach of promise of marriage. Judgment for plaintiff, and defendant appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Alton B. Parker, of New York City, for appellant.

Aaron P. Jetmore, of New York City, for respondent.

HOTCHKISS, J. The action was for a breach of promise to marry. The answer, save for admission that defendant had in fact married another, was in substance a general denial. When called as a witness, defendant admitted a promise to marry plaintiff, but testified to facts from which the jury would have been justified in finding that any engagement arising from such promise had been mutually rescinded and abandoned. This evidence was admitted without objection and was not stricken out. The learned court charged the jury that inasmuch as the defendant had failed in his answer to set up matter in confession and avoidance of the promise, which promise he had admitted, the only question for the jury was one of damages. To this, exception was duly taken.

I think the charge was wrong. It is immaterial whether defendant's testimony was or was not admissible under the answer, if it bore on a material feature of plaintiff's cause of action and was a part of the record when the case was submitted to the jury. In this situation it was the duty of the trial court to give defendant the benefit of the testimony without regard for any defect in the answer. This principle is applicable to trials in actions at law (Collins v. Butler, 179 N. Y. 156, 71 N. E. 746; Eastwood v. Retsof Mining Co., 86 Hun, 91, 34 N. Y. Supp. 196, affirmed 152 N. Y. 651, 47 N. E. 1106; Barcus v. Dorries, 64 App. Div. 109, 112, 71 N. Y. Supp. 695), as well as to those in equity (Baily v. Hornthal, 154 N. Y. 648, 49 N. E. 56, 61 Am. St. Rep. 645).

The judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.

INGRAHAM, P. J., concurs. SCOTT, J., dissents.

LAUGHLIN, J. (concurring). The breach of the promise to marry was put in issue by the answer. It was incumbent, therefore, on the plaintiff to prove the breach, and it was competent for defendant to show that there was no breach of the promise on his part, by showing that the plaintiff agreed that he need not perform. That, in effect, was the nature of the testimony given by defendant and received without objection. It was error to preclude consideration of that testimony by the jury, not only on the ground that it was received without objection, but on the ground that it was within the issues as presented by the pleadings.

DOWLING, J., concurs.