## DANIEL COUGHLIN *vs.* BOSTON TOW-BOAT COMPANY.

Suffolk. November 12, 1889. — February 26, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Personal Injuries — Master and Servant — Negligence — Declaration — Demurrer — Employers' Liability Act.*

A declaration, in an action of tort for personal injuries, alleged that the defendant was "the owner of, and had the management and control of, a certain vessel," on a certain day; that the plaintiff "was then and there at work on said vessel . . . as a laborer, . . . shovelling coal and discharging the cargo"; that he "was then and there in the employ of one W., a stevedore then doing the work of discharging the said cargo of said vessel"; and that while so employed, and using due care, the plaintiff fell through a hole in the deck of the vessel, existing through the defendant's negligence, and was injured. *Held*, on general demurrer, that the declaration disclosed a duty on the part of the defendant towards the plaintiff, and set forth a good cause of action.

The employers' liability act (St. 1887, c. 270) is not a bar to an action at common law, in those cases within its terms, in which an employee might have maintained such an action before the passage of that statute.

TORT for personal injuries. The second count of the declaration, which was by way of amendment to the first count, contained the following allegations:

" And the plaintiff says that heretofore, to wit, on the eighth day of November, A. D. 1888, the defendant was the owner of, and had the management and control of, a certain vessel, to wit, a boat or barge named and called the Mabel Stoddard; that said vessel was then lying at a certain wharf in said Boston, to wit, at the wharf of or used by the Bay State Gas Company, so called ; that the plaintiff was then and there at work on said vessel, to wit, as a laborer, to shovel, and shovelling coal in the hold or holds of said vessel, and at discharging the cargo of coal from said vessel to said wharf ; that the plaintiff was then and there in the employ of one White, a stevedore then doing the work of discharging the said cargo of said vessel; that the plaintiff, while so employed and at work on said vessel, and in the exercise of due, ordinary, and reasonable care, fell through and into a certain dangerous hole or opening in the floor or flooring of said vessel"; that said hole or opening existed through the negligence of the defendant ; and that the plaintiff, who was in the exercise of due care, and supposed that such floor or flooring was safe and suitable to work upon, and who had received no notice and had no knowledge of its unsafe and dangerous condition, as a result of such fall received severe personal injuries, to his great damage.

The defendant demurred to the above count, on the ground that it did not set forth a legal cause of action. The Superior Court sustained the demurrer, and ordered judgment for the defendant; and the plaintiff appealed to this court.

*J. F. Pickering,* (*J. W. Pickering* with him,) for the plaintiff.

*L. S. Dabney,* for the defendant.

HOLMES, J.   The second count of the declaration alleges that the defendant was " the owner of, and had the management and control of, a certain vessel," on a certain day ; that the plaintiff " was then and there at work on said vessel . . . as a laborer, . . . shovelling coal," and " discharging the cargo," etc.; and that he " was then and there in the employ of one White, a stevedore then doing the work of discharging the said cargo of said vessel." We are of opinion that, upon a general demurrer not pointing out any specific defect, the foregoing allegations must be taken to mean that White was doing the defendant's work, and discharging the cargo in the course of business, and

that he and the plaintiff were lawfully there in pursuance of an arrangement of some kind between the defendant and White. The language quoted, taken in its natural meaning, is not equally consistent with White's being a trespasser, or with the possibility that he and the plaintiff were engaged in stealing coal. We do not construe declarations quite so adversely nowadays as indictments were construed a hundred years ago.

The defendant does not deny that, if the declaration is read as we read it, it discloses a duty to the plaintiff. If a stevedore is employed to discharge a cargo, the laborers whom he employs are within the scope of the invitation to come upon the vessel, irrespectively of the relation of master and servant, or of privity of contract. *Stewart* v. *Harvard College*, 12 Allen, 58.

It is now settled that the St. of 1887, c. 270, does not take away the common law right of action. *Ryalls* v. *Mechanics' Mills*, 150 Mass. 190.          *Demurrer overruled.*