MERIDIAN SANATORIUM v. SCRUGGS.

[83 South. 532, In Banc. No. 20889.]

1. HOSPITAL. *Private hospital liable for negligent injuries to patients.*
   A hospital conducted for private gain is liable in damages to patients for injuries resulting from negligence of the nurses and employees, since a patient is generally admitted to such a hospi-

tal under either an express or implied obligation, that he shall receive such reasonable care and attention for his safety as his mental and physical condition if known may require.

2. APPEAL AND ERROR. *Instructions. Harmless error.*

In an action against a private hospital for injuries sustained through negligent treatment, the giving of an instruction that, if plaintiff was injured as a result of the negligence of the employees and nurses of the hospital, as testified by plaintiff's witnesses, the jury should find for the plaintiff, though not technically correct was not reversible error.

3. SAME.

An instruction should state a hypothesis and the jury should be told that if they believe from the evidence the facts constituting such hypothesis they should find for the plaintiff.

4. APPEAL AND ERROR. *No reversal because instructions not technically correct.*

The supreme court will not reverse a case because instructions are not happily phrased or because not exactly technically correct, so long as the instructions are not misleading or the inaccuracy complained of could have had no influence in reaching a verdict that could be said to be improper.

APPEAL from the circuit court of Lauderdale county. HON. R. W. HEIDELBERG, Judge.

Suit by Mrs. S. O. Scruggs against the Meridian Sanatorium. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Marion W. Reiley,* for appellant.

Can the appellee recover damages for negligent handling of the wound after the injury, when she did not sue for injuries caused by such negligence? How did the appellant know that a contention would be made that the wound was negligently handled after the injury was sustained?

In the case of *Barefield* v. *South Highland, etc.,* 68 So. page 30, which is an Alabama case, it was held

that where suit is brought for alleged negligence in performing an operation, it was error to admit evidence of negligence touching treatment of wound after the operation was performed.

In the case at bar, evidence was offered as to the negligent treatment of the injury after the injury was sustained and the appellant objected to such eveidence, but the court overruled the objection and admitted the testimony. Not only is this true, but the court told the jury that if the plaintiff was injured "in the manner testified to by the witnesses for the plaintiff" then the jury should find for the plaintiff.

The second instruction given for the appellee was reversible error because the jury was told that if Mrs. Scruggs was injured as a result of the negligence of the apellant "in the manner testified to by the witnesses for the plaintiff, etc.," then you should find for the plaintiff.

Witnesses for the plaintiff had testified that the foot was neglected after the injury was sustained. Witnesses for the plaintiff had testified to many things and the jury was allowed under this instruction to decide what was negligence and what was not negligence. It is the province of the court to instruct the jury of the circumstances under which negligence may be inferred. It is not the province of a jury to say simply because a witness for a plaintiff testified to that course of conduct.

The trial court erred in giving the fourth instruction for the appellee which is to be found on page 172 of the record, wherein the jury was told that the appellant was required to give all attention necessary to her comfort and relief, commensurate with her condition at the time This was clearly erroneous. The sanitarium was required to give reasonable attention and was not required to give all attention. This instruction was misleading to the jury and should not have been given.

For the above reasons, I humbly submit that this case should be reversed and judgment entered here for the appellant, because the appellee has had her day in court and failed to make out a case, and the peremptory instruction asked by the appellant at the conclusion of the instruction of the testimony should have been granted.

*W. L. Scott,* for appellee.

Having not seen the assignment of error or the brief of counsel for appellant as yet, it is not altogether easy for counsel for appellee to anticipate what position will be assumed by appellant as a ground for reversal.

The case of *Faucett* v. *Reily,* 135 N. W. 800, is one almost identical with the one at bar, and it together with case in Am. and Eng. Anno. Cases, Vol. 1915, p. 1224, is authority for the statement: "A private hospital, operated for gain is liable in damages to a patient therein for the negligence of nurses therein in permitting a hot water bag or bottle to come in contact with the body of such patient and burning same."

I do not think there will be found any authority in conflict with the above statement that the cause was tried along this line, the instructions where drawn upon this idea, and the cause submitted upon this theory.

The same principle of law is involved in the case of *Richardson* v. *Dumas,* 64 So. 459, holding that the owner or proprietor of a private hospital which is not charitable, but is operated for gain or profit is liable in damages for the negligence of his employees resulting in injury to a patient therein.

I submit there was no reversible error committed in the trial of this cause, and that same should be affirmed.

ETHRIDGE, J., delivered the opinion of the court.

The appellee brought suit against the appellant, alleging that the defendant, appellant here, was a corporation which owned and operated a sanatorium for hire or gain and employed nurses therein, and that the plaintiff was admitted to the hospital as a patient to undergo a surgical operation and to be treated for certain internal physical troubles from which she was then and there suffering; that she was placed upon the operating table by certain officers and employees of the defendant, and was placed under the influence of an anæsthetic and operated upon, and that after said operation she was turned over by the officers and managers of said institution to certain nurses to be by them returned to a bedroom in said institution, which they did; that while she was unconscious from the effects of the said anæthestic a hot water bottle, or bag, filled with hot water, was placed against her right foot, while she was unconscious, by said nurses and employees, which bottle, or bag, was permitted to remain against her foot for several hours, and, while she was still under the influence of said anæsthetic and unconscious, her right foot and ankle were seriously burned and scalded, so as to cause the flesh on her right foot to slough off almost to the bone, and caused her to suffer indescribable pain for many days and nights, and to be crippled, and her nervous system greatly shocked and impaired, causing her physicial pain and mental anguish, and the expenditure of large sums of money for nurses and attention. The defendant pleaded the general issue, and also gave notice that the defendant would offer evidence to prove

that plaintiff was suffering from injuries when she reached the sanatorium, and that such injuries were caused otherwise than through the fault of the defendant or its agents and employees. The plaintiff and her witnesses testified that she was placed in the bed in an unconscious condition after being operated upon, and that she remained under the influence of the anæsthetic for several hours, and that when she became conscious she was suffering pain in her foot, and complained thereof to the nurses and attendant, and the nurses told her that such pain was not unusual after an operation, and tried to have her believe that the pain was the result of the operation; that her physician, who was also a stockholder of the corporation, examined the burn the following morning, and stated that they let hot water bottles rest upon her foot and burned it. She also testified that when she saw her foot she saw the burn, and that she had no trouble or injury on the foot prior to the operation. She also testified that the bottles were removed from the bed afterwards by the employees of the hospital. Her story is corroborated by her husband and other witnesses.

The defendant's contention is that the injury to her foot was caused from shoes, and that the plaintiff's foot was blistered when she reached the hospital, and that her system was so infected with septic poison, caused from the accumulated pus in her Fallopian tubes, which existed at the time of the operation, that such pus was absorbed into the system, poisoning her body, and that such sores were likely to result from such poison, and in the opinion of the medical witnesses the injury was caused from such condition. The medical witnesses also testified that a burn would not be infected as this place was infected, unless it was inoculated from external causes or application. The plaintiff left the hospital about two weeks after the

operation, and was attended by a trained nurse who, she says, was recommended by the physician in charge of appellant and who performed the operation on her, plaintiff stating that the doctor told her the nurse was as competent to tend to the injured foot as he (the doctor) was. It appears from the doctor's evidence that he was opposed to the plaintiff leaving the sanatorium as early as she did, but that he finally consented that she might go home, attended by the nurse, but that he did not recommend the nurse as being competent, and that this nurse was related by marriage to the plaintiff, and that the plaintiff suggested this nurse herself. It further appeared that the nurses employed in the hospital were not graduate nurses, but were being trained by Dr. Castle, a woman physician who was in charge of the sanatorium as superintendent. It is contended by the appellant that the evidence is insufficient to justify a verdict, and that the defendant should have had a peremptory instruction, a peremptory instruction having been refused the defendant by the court.

The evidence, we think, is ample to support a verdict, and that a hospital conducted for private gain is liable in damages to patients for injuries resulting from negligence of the nurses and employees. A patient is generally admitted to a hospital conducted for private gain under either an express or implied obligation that he receive such reasonable care and attention for his safety as his mental and physical condition, if known, may require. *Wetzel* v. *Omaha, etc., Hospital Ass'n,* 96 Neb. 636, 148 N. W. 582, Ann. Cas. 1915B, 1224; *Fawcett* v. *Ryder,* 23 N. D. 20, 135 N. W. 800.

It is also insisted that instruction No. 2, given by the plaintiff, is error which should reverse the cause. This instruction reads as follows:

"The court charges the jury for the plaintiff that if you find from a preponderance of the testimony that

the defendant corporation operated a private hospital or sanatorium for gain in the city of Meridian, that plaintiff was admitted therein as a patient for hire, and that she was injured as a result of the negligence of the employees and nurses of said defendant in the manner testified to by the witnesses for the plaintiff, then you should find for the plaintiff in such sum as you find from all of the evidence is right, just, and proper.''

It is urged that that part of the instruction which instructs the jury that, if the plaintiff was injured as a result of the negligence of employees and nurses of said defendant in the manner testified to by the witnesses for the plaintiff, the jury should find for the plaintiff is error. We do not think this instruction is reversible error. The instruction should state a hypothesis, and the jury should be told that if they believe from the evidence the facts constituting such hypothesis they should find for the plaintiff or according to the contention, but in the present case the facts constituting the plaintiff's theory are testified to clearly and directly, and there is no conflict between the different witnesses testifying for the plaintiff, and no prejudice or injury could result to the defendant under the facts of this case by giving this instruction. The court will not reverse a case because the instruction is not happily phrased, or because not exactly technically correct, so long as the instruction is not misleading, or where the inaccuracy complained of could have had no influence in reaching the verdict that could be said to be improper. Substantial accuracy is all that is required in an instruction, and unless the court can see that the jury may have been mislead, it will not reverse.

The judgment is therefore affirmed.

*Affirmed.*