KUGLICH, Respondent, vs. FOWLE and another, Appellants.

*December 15, 1921—January 10, 1922.*

*Hospitals: Personal injury to patient: Joint action against lessee physician and lessor hospital: Evidence as to relation of defendants: Competency: New trial.*

1. In an action against a hospital and a physician for injuries to a patient while under the physician's care in such hospital, in which the hospital denied having operated, directed, or controlled the hospital at the time of such injuries, evidence that the defendant hospital had leased the premises to the physician and that it was merely a lessor of the premises and in no way connected with the treatment and care of the patient is admissible.

2. Since evidence tending to show the true relationship of the defendants was improperly excluded, it is impossible to say what the result of the trial would have been if the evidence had been admitted, and a new trial is therefore awarded to both defendants.

APPEAL from a judgment of the circuit court for Milwaukee county: E. T. FAIRCHILD, Circuit Judge.   *Reversed.*

Personal injury.   The defendant *Fowle* was called about 5 o'clock in the morning to the home of the plaintiff to attend her.   She was at the time unconscious and remained so for nearly twenty-four hours.   With the assistance of the husband she was removed to the *Ogden Hospital,* where hot-

water bottles and blankets were applied in an effort to in-
duce perspiration, it having been discovered that she was
suffering from uræmic poisoning. At about 11 o'clock in
the morning, while still unconscious, the plaintiff was re-
moved to the operating room, where an operation was per-
formed for the purpose of inducing labor. The hot-water
bottles were refilled, and when she was returned to the room
four bottles were applied to the exterior portion of the legs,
and the defendant *Fowle* personally handled a fifth bottle
which he testified he wrapped, pinned, and placed between
the plaintiff's legs. It is undisputed that it was this fifth
bottle which caused the injuries complained of. A nurse
returning from her lunch examined the plaintiff and dis-
covered that the bottle in question had become exposed, the
safety pin was unfastened, and the plaintiff had been burned
by coming in contact with the unprotected bottle. Plaintiff
was later delivered of a child, made a reasonably prompt re-
covery, and the burns healed, the doctor having performed
skin grafting in order to hasten the healing.

This action is brought to recover damages for the in-
juries sustained by reason of the burns inflicted upon the
person of the plaintiff. The jury found by special verdict:

First. That the defendants failed to exercise ordinary
care in wrapping the hot-water bottle in question.

Second. That such failure was the proximate cause of
plaintiff's injuries.

Fifth. That the plaintiff's husband did not undertake to
care for her instead of having her cared for by a nurse.

And assessed the plaintiff's damages at $2,500. Upon a
motion for a new trial the damages were reduced by the
court to $1,800, for which amount the plaintiff elected to
take judgment, and from judgment entered accordingly the
defendants appeal.

For the appellants there were briefs by *George Carroll,
Horace B. Walmsley,* and *William A. Schroeder,* all of Mil-
waukee, and oral argument by *Mr. Walmsley.*

For the respondent there was a brief by *Robert R. Free-*

*man* and *Henry J. Bendinger,* both of Milwaukee, and oral argument by *Mr. Freeman.*

Rosenberry, J.   The first contention of the defendants is that there is not sufficient evidence to sustain the finding of the jury to the effect that the defendants were negligent. In view of the fact that there must be a new trial, we shall not discuss or comment upon the evidence; suffice it to say that we have carefully examined it and are of opinion that there was sufficient evidence in the record to sustain the verdict of the jury.

The defendants appeared separately at the trial and each separately denied the allegations of the complaint.   Upon the trial the attorney for the defendant *Hospital* asked several questions for the purpose of establishing the exact arrangement between the *Ogden Hospital,* a separate corporation, and the defendant *Fowle,* by whom the hospital was operated.   The court sustained objections to these questions. In the answer of the *Hospital* appears the following allegation:

"This defendant admits that the *Ogden Hospital* is a corporation organized and existing under and by virtue of the laws of the state of Wisconsin; but denies that as such corporation it at the times mentioned in said complaint operated, directed, or controlled for hire a hospital for the benefit of medical or surgical cases, or for any purposes whatsoever as alleged in the complaint."

Upon the motion for a new trial there was filed on behalf of the defendant *Hospital* an affidavit which is uncontradicted, from which it appears that the *Ogden Hospital* leases the premises to the defendant *Fowle,* receives a stated sum as rental, and that the relation between the *Ogden Hospital* and *Fowle* is that of landlord and tenant; that the hospital is operated by the defendant *Fowle* at his own risk as to loss or gain, and that the corporation does not share in the profits or losses of the enterprise and has no interest

therein other than as lessor. On behalf of the plaintiff it is urged that it appears from the record that the defendant *Fowle* was a physician and surgeon; that he was in charge of the hospital; that he was also the secretary and treasurer of the *Ogden Hospital;* that upon the day on which the plaintiff entered the hospital her husband paid to *Dr. Fowle* a sum to cover hospital services. Admitting all of these facts to be true, it does not follow that the *Ogden Hospital* ever undertook to render either hospital or medical services to the plaintiff. The word "hospital" is used in many senses, and the fact that the plaintiff paid *Dr. Fowle* a stated sum for hospital services is no proof that the *Ogden Hospital* undertook to render service to the plaintiff. The mere fact that the word "hospital" is used in the corporate name does not alter to any extent the relation of the parties. Under the pleadings the defendant *Hospital* was entitled to show that it did not undertake to render services and that it was merely a lessor of the premises and not in any way concerned with the treatment and care of the plaintiff. The court erred, therefore, in rejecting the evidence offered to prove the real relationship existing between the defendants, and further erred in not granting a new trial.

While the rejection of the testimony offered by the *Hospital* was not error as to the defendant *Fowle,* nevertheless the case was tried against both defendants, both were found guilty of negligence, and it is impossible to say what the result of the trial would have been had the court permitted the true relationship of the defendants to be established. After careful consideration we are of the opinion that there should be a new trial.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.