## MAXIE *et al. v.* LAUREL GENERAL HOSPITAL.

[93 South. 817, No. 22855.]

1. HOSPITALS. *Conducted for private gain liable for injury to patient caused by negligence of employees.*

   The business of a hospital for the sick and afflicted, conducted for private gain, carries with it an implied obligation to give the patients therein reasonable care and attention; and such a hospital so conducted is liable for an injury received by a patient therein resulting from the negligence of its employees.

2. HOSPITALS. *Whether death of eight year old patient, who fell from bed after operation resulted from negligence of employees held for jury.*

   Where a child eight years of age in such a hospital, shortly after being operated on for appendicitis, was left by the employees of said hospital in a ward therein without an attendant or any means of calling assistance and while so situated for some reason fell from its bed, and its temperature soon thereafter rose rapidly, and in a few hours it died, the question of liability for such injury and death was one for the jury and not the court; therefore in such a case the court erred in directing a verdict for the hospital.

APPEAL from circuit court of Jones county.

HON. R. S. HALL, Judge.

Action by W. L. Maxie and others against the Laurel General Hospital. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

*A. Q. Broadus* and *Hall & Hall,* for appellants.

The first act of negligence charged was that the appellee negligently left Willie Mae Maxie in her bed without any assistance whatever. Dr. W. N. Blunt, the principal owner of the appellee corporation, was introduced as an adverse witness, for cross-examination, and on page 5 of the stenographer's notes he testified that the child needed constant attention, considering its condition. Mrs. Sallie

Houston, a witness for appellants, testified as shown by page 23 of the stenographer's notes: "Q. Please tell the jury if there was any nurse or any representative at all of that hospital there when the little girl fell off the bed? A. No nurse or any representative in the ward at the time."

It thus appears from the record that on account of the negligence of the employees of this hospital the little girl did not get the constant attention to which she was entitled and which the appellee well knew she needed, and opposing counsel have not referred the court to any place in the record where testimony was offered tending to show that this constant attention was given. We therefore respectfully insist that it was a question for the jury to say whether or not the appellee was guilty of negligence in leaving the little girl alone and unattended.

We next charged the appellee with negligence in leaving Willie Mae Maxie in her bed without any means of calling for assistance. The record shows that the appellants paid for and were entitled to a call bell at the bed of this little girl, but by reference to page 23 of the stenographer's notes, in the testimony of Mrs. Sallie Houston, as pointed out in our original brief, there was no bell at this little girl's bed when she fell. Considering the condition of this patient, as admitted by appellee, it was certainly a question for the jury to say whether or not it was negligence on the part of appellee in failing to provide any means whereby the patient might call for assistance; it was for the jury to say whether or not the failure to provide the call bell contributed to the death of the little girl.

We next charged that the appellee was negligent in denying the parents of Willie Mae Maxie the right to be present to see that her needs were furnished. On page 10 and again on page 11 of the stenographer's notes, Mr. Maxie testified that Miss Magee, superintendent of nurses, ordered him out of the room occupied by his daughter. On page 38 Mr. Webster Walters testified that Miss Magee,

the superintendent, put Mr. Maxie out of the room three different times. On page 76, Miss Magee denies this. Thus there was created a disputed question of fact for the determination of the jury. In the face of the fact that the appellee left this little girl without any assistance whatever, and the further fact that it did not provide any means of calling for assistance, and taking into consideration the fact that Dr. Blunt, the principal stockholder in the corporation, knew' that the child required constant attention, then certainly there can be no question but that it was negligence of the grossest type to deny this little girl's father the right to stay with her when the nurses were away and when she had no means of calling for help. The granting of the peremptory instruction was therefore manifest error, as the case should have been submitted to the jury so that the issues and disputed question of fact could be decided by the jury, and we respectfully submit from a careful consideration of the brief filed by opposing counsel that no sort of justification is made for the action of the court in directing a verdict in this case; that the peremptory instruction was erroneously granted, and that therefore this case should be reversed and remanded.

*J. A. Blount, E. L. Calhoun* and *Deavours & Wilbun,* for appellee.

Counsel for appellants cite the cases of *Meridian Sanatorium* v. *Scruggs,* reported in 83 Southern Reporter, on page 532, and of *Richardson* v. *Dumas,* reported in 64 Southern Reporter, on page 459. We have no war to make on the general rule laid down in these cases that a hospital conducted for private gain is liable to a patient for injury resulting from the negligence of its nurses and employees.

The undisputed evidence in this case shows, however, that the negligence, if any, was the negligence of Miss Beech, a special nurse employed by the father of the child. Miss Beech was not then employed by, had never been employed by, and was connected in no way with, the hospital.

We submit that the evidence does not even show negligence on her part. We do not believe that it is negligence for a nurse in charge of a patient to temporarily leave the patient, only for a short time, to prepare a hypodermic necessary in treating her patient. We do not believe that either the law or common sense would impose the duty upon a nurse to remain constantly at the bedside of a patient and not leave for a moment even for the purpose of securing medicine or food or to do the things necessary to carry out the instructions of her physician.

Appellants say that the hospital authorities are responsible for the alleged acts of negligence of Miss Beech. The physicians of the patient say that Miss Beech was employed by them on behalf of the father of the child; that the hospital had nothing whatever to do with it; that Miss Beech was placed in charge of their patient at night with instructions from them as to the care of the patient; that Miss Beech had complete charge of the patient and the other nurses in the hospital were under no duty to the child and were not expected to look after the child unless she, the special nurse, so requested them; the evidence shows this beyond dispute. Then, we submit that the hospital is not liable, in any event, even if the actions of Miss Beech is called negligence.

It is true Mr. Maxie states in his testimony that while he paid the special nurse, Miss Beech, for her services, she was employed by Miss Magee. This is denied emphatically by Dr. Ramsay and by Dr. Carter and by Miss Magee. Admitting, for the sake of argument only, that this was the case, the evidence is conclusive that Miss Magee had no authority from the defendant corporation, at that time, or at any other time, to employ either a special nurse or a general nurse. We submit that the defendant could not be held liable on account of the alleged negligence of Miss Beech, employed by one having no authority from the defendant hospital. Certainly this rule needs the support of no authorities. It is elementary law, too well established to need citations to support it.

We submit that the lower court was eminently correct in instructing the jury peremptorily to find for the defendant. We respectfully submit that the judgment of the lower court should be affirmed.

Anderson, J., delivered the opinion of the court.

Appellants, W. L. Maxie and his wife, Mrs. Nellie Maxie, and their two children, Jarvis and Jessie Maxie, sued the appellee, Laurel General Hospital, in the circuit court of Jones county for damages resulting from the death of their daughter and sister, Willie Maxie, alleged to have been caused by the negligence of appellee. At the conclusion of the evidence the court on motion of the appellee directed the jury to return a verdict in its favor, which was done, and judgment entered accordingly, from which the appellants prosecute this appeal. This action of the court is assigned as error.

Appellee was a hospital conducted for private gain. The deceased daughter and sister of the appellants was a child eight years of age. She had an attack of appendicitis, and was carried to the appellee hospital for care and an operation. She was operated on, and shortly thereafter, when there was no attendant in the ward where she was staying, she fell off the bed on which she was lying, and soon thereafter died.

A hospital conducted for private gain is liable for injuries to a patient resulting from the negligence of its employees. The business of such a hospital carries with it an implied obligation to give the patients therein reasonable care and attention. *Meridian Sanatorium* v. *Scruggs,* 121 Miss. 330, 83 So. 532.

In considering the propriety of a directed verdict the evidence in favor of the party against whom such a verdict is given must be treated as proving every material fact which it either proves directly or by reasonable inference. Viewing the evidence in this case in that light, we find that this child was left in a ward in the appellee hospital alone without an attendant or any means of calling assistance, and while so situated the child for some reason fell

from its bed, and its temperature soon thereafter went rapidly up and in a few hours it died. No good purpose could be served by setting out the evidence in detail. It is sufficient to say the liability of appellee was a question for the jury.

*Reversed and remanded.*