KUGLICH, Respondent, vs. FOWLE and another, Appellants.
[Two cases.]

*October 17—November 11, 1924.*

*Appeal and error: Res adjudicata: Evidence on second trial: Neg-
ligence of physician: Evidence: Sufficiency: Liability of hos-
pital: Patient's physician also manager of hospital.*

1. The judgment of this court on a former appeal, sustaining a
   finding that the negligence of one defendant proximately
   caused plaintiff's injuries, is *res adjudicata* as to such defend-
   ant's liability unless the evidence bearing thereon was differ-
   ent on the second trial.   p. 125.
2. The expert testimony of physicians on a second trial that it
   was possible for an unconscious patient to subconsciously
   unclasp the safety pin with which the wrappings of a hot-
   water bottle applied to the patient were fastened, is *held* insuf-
   ficient as against evidence that it was negligently fastened by
   the attending physician, to bring about a situation where the
   jury can only guess at the cause of the injury; and a finding
   of the jury that the bottle was negligently wrapped by the
   defendant is sustained.   p. 126.
3. The fact that it was the duty of hospital nurses to wrap hot-
   water bottles applied to a patient would not render the hos-
   pital responsible for the negligent wrapping of one bottle by
   the patient's physician, though he was an officer of the cor-
   poration owning the hospital and the real manager thereof.
   p. 126.

APPEAL from a judgment of the circuit court for Mil-
waukee county: GUSTAVE G. GEHRZ, Circuit Judge.   *Af-
firmed as to one defendant; reversed as to the other.*

For the appellants there was a brief by *George J. Carroll*
of Milwaukee, attorney for *Irving H. Fowle,* and *Schroeder
& Walmsley,* attorneys for the *Ogden Hospital,* and oral
argument by *Mr. Carroll.*

For the respondents there was a brief by *Henry J. Ben-
dinger* of Milwaukee, attorney, and *Robert R. Freeman* of
Pensacola, Florida, of counsel, and oral argument by *Mr.
Bendinger.*

OWEN, J.   This action was brought against the defendants, *Dr. Fowle* and the *Ogden Hospital,* to recover damages for injuries resulting from a burn sustained by the plaintiff while she was a patient in said hospital under the care of *Dr. Fowle.  Dr. Fowle* was called to the home of the plaintiff and found her extremely ill of uremic poisoning.   He caused her to be removed to the hospital, where she was put to bed and packed with hot-water bottles to induce perspiration.   Two hot-water bottles were placed on either side of her and a fifth was placed between her legs while she was in an unconscious condition.   The bottles were filled with hot water and wrapped in blankets to prevent them from burning the patient.   The fifth bottle became unwrapped and seriously burned the plaintiff about her legs.   While nurses of the hospital assisted the doctor in wrapping the other bottles, it is conceded that the bottle which caused the burning was wrapped by *Dr. Fowle.*

This case was here upon a former appeal (176 Wis. 60, 186 N. W. 188), and it was held that the evidence sustained a finding that the defendant negligently wrapped the hot-water bottle in question, which negligence was the proximate cause of plaintiff's injuries, but the judgment was reversed and the case remanded for a new trial because of the improper exclusion of evidence affecting the hospital's liability.   The case is now here upon an appeal by the defendants from a judgment against them as a result of a second trial, wherein the jury found that the defendant *Fowle* failed to exercise ordinary care in wrapping the fifth hot-water bottle, which failure was a proximate cause of the injury to the plaintiff.   Unless the evidence bearing upon *Dr. Fowle's* liability is different upon this trial, the former judgment of this court is *res adjudicata* upon his liability.

The appellant *Fowle* claims that the former judgment is not *res adjudicata* because certain physicians testified as experts upon this trial that it was entirely possible for the

patient, though unconscious, to subconsciously unclasp the safety pin with which the wrappings of the bottle were fastened. It is contended that this gives rise to two equally plausible theories of the cause of the injury, one being that the blanket was negligently fastened, and the other that the blanket became unfastened because the plaintiff subconsciously unclasped the safety pin, thus bringing about a situation where a jury can do no more than guess concerning the real cause of the injury, bringing the case within the doctrine of *Musbach v. Wisconsin C. Co.* 108 Wis. 57, 84 N. W. 36; *Quass v. Milwaukee G. L. Co.* 168 Wis. 575, 578, 170 N. W. 942; *Klein v. Beeten,* 169 Wis. 385, 172 N. W. 736; *Matuschka v. Murphy,* 173 Wis. 484, 180 N. W. 821. The evidence in this case is very persuasive, however, that the bottle became unwrapped because it was negligently fastened in the first place, and the remote and rather fanciful possibility arising from the testimony of the physicians that in their opinion the plaintiff might subconsciously unclasp this particular safety pin is not sufficient to introduce a situation within the doctrine of the cases cited. We consider that the finding of the jury to the effect that the bottle was negligently wrapped is well supported by the evidence and cannot be disturbed.

We come to a different conclusion, however, upon the question of the hospital's liability. The liability of the hospital is predicated upon the fact that it was the duty of the nurses to wrap these bottles and that the hospital is responsible for such negligent wrapping. It is conceded, however, that the nurses had nothing to do with wrapping this particular bottle. True, *Dr. Fowle* was an officer of the corporation which owned the hospital and was the real manager thereof. However, upon this occasion he was the physician of the plaintiff. The nurses in attendance were not only under his direction as plaintiff's physician, but, so far as this particular bottle was concerned, he discharged the nurses and the hospital of any duty with respect thereto

Booth Fisheries Co. v. Industrial Comm. 185 Wis. 127.

by wrapping it himself. This he did in his capacity as plaintiff's physician and not in his capacity as manager of the hospital. The liability of the defendant hospital must be tested by the same principles that would govern the liability of any other hospital in which the defendant *Fowle* had no interest. If he had taken the plaintiff to any other hospital, and taken the matter of wrapping the bottles into his own hands, it is difficult to see upon what principle such hospital would be liable for injury resulting from the negligent wrapping of the bottle. We discover no principle upon which the judgment against the defendant hospital can be sustained, and the judgment must be reversed upon the appeal of the defendant the *Ogden Hospital*.

*By the Court.*—The judgment is affirmed as to the defendant *Fowle,* and reversed, with instructions to dismiss the complaint, as to the defendant the *Ogden Hospital*.