# CHARLESTON.

EDWARD T. NEES *v.* JULIAN GOLDMAN STORES, INC.

And

ERMA NEES *v.* JULIAN GOLDMAN STORES, INC.

(Nos. 6272, 6273)

Submitted October 23, 1928. Decided December 11, 1928.

*Wm. Bruce Hoff* and *Thayer M. McIntire,* for plaintiffs in error.

*Russell, Hiteshaw & Adams,* for defendant in error.

MAXWELL, JUDGE:

Edward T. Nees and his wife, Erma Nees, prosecute these suits for damages arising out of an alleged assault upon Mrs. Nees by an agent of the defendant. The husband claims damages because of the loss of services and society of his wife due to the alleged wrong, and the wife demands damages for the personal injury. The demurrer to the amended declaration in each case was sustained. The cases come to this Court on writs of error.

The gravamen of the complaint in each case is that on the 13th day of April, 1927, in the city of Parkersburg, an agent of the defendant, acting within the scope of his authority and employment, went to the home of the plaintiffs for the purpose of collecting from a domestic servant of the plaintiffs a certain sum of money which was claimed by the defendant to be due it on account of certain wearing apparel which defendant had sold to the servant on the installment plan, and that the defendant's agent and the plaintiffs' servant becoming involved in a violent altercation in regard to said matter, and the attention of the female plaintiff being attracted by the loud and violent talk of the parties, she ordered the defendant's agent to leave the house; that the defendant's agent at first declined to accede to her request, but presently he did make his exit through the outside kitchen door, and then, suddenly and unexpectedly to the female plaintiff, who had followed him to the door and supposed that he had departed, he threw open the door with great force to re-enter the kitchen, and in so doing struck the female plaintiff violently in the abdomen with the door knob; and that after

having re-entered the kitchen, the defendant's agent struck and beat her, causing her serious personal injury, one incident whereof was a miscarriage.

In sustaining the demurrers to the declarations, the circuit court evidently adopted the theory urged by the defendant, namely, that in the alleged violent and improper treatment of the female plaintiff the agent of the defendant was not acting within the scope of his employment, and therefore, that there was no liability on the defendant for the agent's conduct.

We are of opinion that the demurrers should have been overruled.

· It is settled law that a master is liable for the torts of his servants or agent committed in the course of his employment. *Eggleston* v. *Tanner,* 86 W. Va. 385; *Vance* v. *Frantz,* 83 W. Va. 671; *Hunt* v. *DiBacco,* 69 W. Va. 449; *Moseley* v. *McCrory Co.,* 101 W. Va. 480; *Veneruso* v. *Spear and Co.,* (N. Y.) 116 N. E. 1082. Was the defendant's agent acting in the course of his employment? The amended declarations allege that fact, and further that the agent did the acts complained of under the direction and authority of the defendant. Can the court, notwithstanding such specific allegations, say, as a matter of law, that the agent was not acting in the course of his employment at the time of the commission of the assault? The query should be answered in the affirmative only if the court could properly say that the facts alleged disclose that the acts of the agent of which the complaint is made were not committed in the course of his employment. Demurrers are sustained where despite the allegations that the acts of the agent were performed in the course of the employment the facts alleged disclose otherwise. *Johanson* v. *Pioneer Fuel Co.,* (Minn.) 75 N. W. 719; *Campbell* v. *Northern Pac. R. Co.,* (Minn.) 53 N. W. 768; *Davis* v. *Houghtelin,* (Neb.) 50 N. W. 765. But that is not the situation here. On demurrer a defendant in effect says that admitting the truth of the averments of the declaration, there is nevertheless no liability on him. 1 Chitty on Pleading, p. 662. "A demurrer may be defined to be an admission of the facts alleged by the plaintiff, but a denial that they constitute

any cause of action, and a submission of this question as a matter of law to the judgment of the court." Hogg's Pleading and Forms, p. 143.

As a general proposition where a declaration otherwise sufficient alleges that a tortious act of an agent was committed in the course of his employment, the verity of that allegation becomes a jury question. This is essentially true where the facts alleged sustain such general allegation. In the New York case of *Rounds* v. *D. L. & W. R. R. Co.*, 21 Am. Rep. 597, the court thus clearly states the rule: "If the master, when sued for an injury resulting from the tortious act of his servant while apparently engaged in executing his orders, claims exemption upon the ground that the servant was, in fact, pursuing his own purposes, without reference to his master's business, and was acting maliciously and wilfully, it must, ordinarily, be left to the jury to determine this issue upon a consideration of all the facts and circumstances proved." This rule is recognized and applied generally. *Pennsylvania Mining Co.* v. *Jarnigan*, 222 Fed. 889; *Vance* v. *Frantz, supra; Collins* v. *Butler*, 179 N. Y. 156; *Shear* v. *Singer Sewing Machine Co.*, 171 Fed. Rep. 678; *Lambert* v. *Robinson*, (Mass.) 37 N. E. 753.

A master may not limit his liability to such of the conduct of his servant or agent as is discreet and within the bounds of propriety, and avoid liability as to such conduct as is indiscreet and improper. Where a master sends forth an agent he is responsible for the acts of his agent within the apparent scope of his authority, though the agent oversteps the strict line of his duty. In the case of *Robarbs* v. *Bannon Sewer Pipe Co.*, 113 S. W. 429, the court of appeals of Kentucky thus correctly states the law: "The master who puts the servant in a place of trust or responsibility, or commits to him the management of his business or the care of his property, is justly held responsible when the servant, through lack of judgment or discretion, or from infirmity of temper, or under the influence of passion aroused by the circumstances and the occasion, goes beyond the strict line of his duty or authority, and inflicts an unjustifiable injury upon another." The Kentucky case does not stand alone. *Davis* v. *Merrill*, (Va.) 112

S. E. 628; *Singer Sewing Machine Co.* v. *Phipps,* (Ind.) 94 N. E. 793; *McClung* v. *Dearborne,* (Pa.) 19 A. S. R. 708; *Staples* v. *Schmid,* (R. I.) 26 Atl. 193. "The courts are generally agreed that an employer may be held accountable for the wrongful act of his employee although he had no knowledge thereof, or disapproved it, or even had expressly forbidden it. And so the employer may be made liable for acts done in violation of his rules, orders or instructions. If he employs incompetent or untrustworthy agents, he must bear the consequences." 18 R. C. L., 797. This ·Court has recognized the same principle in the cases of *Mosley* v. *Mc-Crory Co., supra; Layne* v. *Railway Co.,* 66 W. Va. 607; *Gregory's Adm'r.* v. *Ohio River R'd. Co.,* 37 W. Va. 606.

Neither are the courts disposed to ᵐake fine distinctions as to the exact point at which the authority of the servant to act for his master ended and the personal or individual responsibility of the servant began. *New Ellerslie Fishing Club* v. *Stewart,* (Ky.) 93 S. W. 598. In that case the court says: "* * * the law under the circumstances will not undertake to say when in the course of the assault he ceased to act as agent, and acted upon his own responsibility." To like effect: *South Covington and C. St. Ry. Co.* v. *Cleveland,* (Ky.) 100 S. W. 283.

In support of the ruling of the trial court counsel for the defendant place much reliance on the case of *Pruitt* v. *Watson,* 103 W. Va. 627, wherein it is said in point three of the syllabus: "An agent cannot be said to be acting within the scope of his agency if the act complained of if done by the master would be unlawful." That is a broad and general statement, and must, of course, be considered in the light of the facts and circumstances of the case then under consideration. That case involved a situation wherein the defendant's store manager, after the plaintiff had been accused of shoplifting within the store, and the property in her possession had been recovered, pursued her into the street and there mistreated her, and it was held, inasmuch as the servant was not undertaking to protect the property or business of his master after he followed the plaintiff from the store into the street, but was pursuing his own desires, for the pur-

pose of punishing her, the master was not liable. That situation is different from the one at bar. Here, as alleged in the declaration, the servant re-entered the kitchen of the plaintiffs' home with the avowed purpose of collecting the money due his employer or of reclaiming the goods which.his employer had sold on the installment plan. If, as alleged, he was then acting in furtherance of his master's business, the question of indiscretion or excess of zeal is aside the mark. VI Labatt's Master and Servant, sec. 2277.

For reasons above set forth the judgment of the trial court in each of the two cases is reversed and the cases are remanded for further proceedings therein.

*Reversed and remanded.*