## DUKE SANITARIUM et al. v. HEARN.

No. 22467. Opinion Fild June 14, 1932.

Rehearing Denied July 27, 1932.

Bierer & Bierer, for plaintiffs in error.

Brown Moore and Guy L. Horton, for defendant in error.

McNEILL, J. This is an appeal from the judgment of the district court of Logan county rendered in favor of the plaintiff, Clyde Hearn, against the defendant the Duke Sanitarium, a corporation, and Dr. C. B. Hill, in the sum of $5,200. The action was for damages on account of negligence alleged against said defendants in permitting plaintiff's heel to be burned by a hot water bottle while plaintiff was a patient at the Duke Sanitarium, a corporation, which was managed by Dr. C. B. Hill as its superintendent. It appears that the plaintiff was received at the sanitarium on November 26, 1928, in a weakened condition with a violent case of pneumonia and was in imminent danger of death; that he re-

mained in an unconscious or delirious condition for some four or five days after his arrival at the sanitarium. He was treated under the direction of Dr. Hill. During his treatment a hot water bottle was placed near his feet which had been wrapped with a towel, and on the morning of November 28, 1928, it was discovered that a burn had taken place on his left heel. It is not disputed that this burn was caused by the hot water bottle which had been placed in the bed near the feet of plaintiff by one of the nurses at said sanitarium. The towel which had been wrapped around the hot water bottle had become dislodged and was found in the bed during the morning of the discovery of the said burn. The facts concerning the burning of the heel are not disputed. The conflict in the evidence concerned the extent and nature of plaintiff's injury as it finally developed. The plaintiff remained in the sanitarium until December 16, 1928. He then returned to his home against the advice of Dr. Hill and the head nurse, who urged him to remain at the sanitarium until his health and physical condition could be improved and until the burn on his foot could be healed without additional expense to him.

The burn on the heel when discovered by the nurse was covered with a blister about the size of a quarter or half dollar, and received prompt and skillful treatment up to the time that plaintiff left the sanitarium.

The defendants plead that the burn did not receive proper treatment after the plaintiff left the hospital. Plaintiff was confined at home to his bed for about 70 days, and the record shows that he has been unable to walk except on crutches since said injury up until the date of the trial. Plaintiff offered expert testimony showing that his injury was permanent, due to the burn he had received. Counter testimony was adduced.

Many assignments of error are urged on behalf of the defendants. The major propositions urged by the defendants are: That no primary negligence was proved against said defendants, or either of them; that the verdict is excessive; error in refusing requested instructions; errors in instructions given; and misconduct of counsel. It is conceded that the use of the hot water bottle was proper treatment in a case of this kind. The plaintiff does not question that the defendants should have used a hot water bottle, but does complain that in the use of the same the defendants failed to exercise proper care and precaution; that, under the facts

in this case, the plaintiff, at the time the hot water bottle was placed at his feet, was in an unconscious and delirious condition, and that the defendants should have taken the proper precaution to see that the bottle did not burn their patient. The defendants' negligence, if any, in this case, consisted in doing something which they should not have done, or in omitting to do something which they should have done. If such were the facts, the same constituted negligence. Priestly v. Stafford (Cal. App.) 158 P. 776.

Under the evidence the patient was at times unconscious and delirious, and the defendants owed him the duty of protection against their negligent acts. This is not the usual malpractice case which involves the reasonable and ordinary care and diligence in the treatment of the case which the physician or surgeon undertakes, in that he will use his best judgment in any case of doubt as to the proper course of treatment. In such cases "he is not responsible for damages for want of success, unless it is shown to be the result of want of ordinary skill and learning such as ordinarily possessed by others of his position or for want of ordinary care and attention." Champion v. Keith, 17 Okla. 204, 87 P. 845.

The record shows that the use of the hot water bottle is proper in the treatment of pneumonia cases, but that, if it is placed to the feet, it should not be so hot as to cause a burn. Questions of fact and the credibility of the witnesses are for the determination of the jury. The negligence involved in this case did not consist in whether the use of the hot water bottle was proper, but whether it was used in a negligent manner. There was evidence of primary negligence against the defendant the Duke Sanitarium, for submission to the jury, but as to the defendant Dr. Hill, who was superintendent for such sanitarium, we consider the evidence as developed by this record was insufficient to submit to the jury the question of liability on account of any negligence on his part. No issue was presented that he had negligently employed incompetent nurses for the sanitarium.

The Supreme Court of Alabama, in the case of Birmingham Infirmary v. Coe, 91 So. 605, said:

"Undoubtedly the mere fact of placing such a bottle in the bed, being usual and proper, was not in itself negligence. But either it should have been so covered as to prevent burning in case of contact with the patient, or it should have been so placed, or the patient so watched and guarded, as

to avoid any contact of sufficient duration to burn and injure."

This court has often announced the rule that where the evidence in a case is conflicting, it is the duty of the court to submit the case to the jury, and if there is any testimony reasonably tending to support the verdict, the same will not be disturbed by this court. There is evidence that plaintiff has received a permanent injury, due to the burn he received from the hot water bottle.

It is urged that the plaintiff aggravated his injury by reason of failing to give his injured foot proper medical attention. This question would only go toward the mitigation of damages and would not prevent a recovery for the injury which was directly and proximately caused by the negligence of the defendant the Duke Sanitarium. This would not relieve against the primary liability. See Sauers v. Smits (Wash.) 95 P. 1097.

We have examined the instructions requested by the defendants and those given by the court. We conclude that there was no error in refusing the instructions requested and that the instructions given by the court fairly presented the law applicable to the facts in the case, except as applied to the defendant Dr. C. B. Hill. The amount of the verdict was clearly within the province of the jury. Plaintiff prayed for judgment in the sum of $10,000. We do not consider the amount of the judgment is excessive.

Counsel for defendants also urge misconduct on the part of counsel for plaintiff in his argument to the jury. The record does not show that defendants took any exceptions to those remarks. If they were prejudicial, counsel for defendants should have promptly moved for the discharge of the jury. From a review of the record, the briefs, and the presentation of the same in open court by oral argument, we conclude that the judgment of the trial court should be, and the same is hereby, affirmed as to the defendant the Duke Sanitarium, and remanded and reversed for a new trial as to the defendant C. B. Hill. If there are no further facts to be developed on another trial than those presented herein in reference to negligence of defendant Hill, then the trial court is directed to enter judgment in his favor.

RILEY, HEFNER, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and CULLISON, J., absent.

Note.—See under (1), 21 R. C. L. 379; R. C. L. Perm. Supp. p. 5048; R. C. L. Pocket Part, title Physicians and Surgeons, § 26. (4), annotation in 48 L. R. A. (N. S.) 106, 107; 9 A. L. R. 255; 22 R. C. L. 155; R. C. L. Perm. Supp. p. 5187.