(No. 6476.   October 16, 1937.)

OPAL MAY COREY, Who Sues by Her *Guardian ad Litem,*
    LLOYD COREY, Appellant, v. W. W. BECK, FERN
    CLARK HcCLELLAN and CYNTHIA BENSON, Re-
    spondents.

[72 Pac. (2d) 856.]

Anderson, Bowen & Anderson, for Appellant.

Merrill & Merrill, for Respondent.

GIVENS, J.—The allegations of appellant's amended complaint so far as material here are substantially as follows:

That respondent W. W. Beck owned, operated and controlled a hospital where injured, sick and infirm persons could be treated, cured and cared for.  That the respondents McClellan and Benson were nurses, agents, servants and employees of the respondent Beck in the conduct and operation of said hospital and worked therein.  That appellant as a pay patient entered the defendant Beck's hospital and while appellant was anesthetized, on the operating table undergoing an operation, the respondent Beck's agents, servants and employees, respondents McClellan and Benson, negligently, and carelessly placed at the appellant's feet hot water bottles burning both appellant's heels up for a space of approximately three inches entirely through the skin, from which appellant suffered and will suffer pain and anguish as the injuries are permanent in character.  That the operating doctor gave no orders for placing the hot water bottles to appellant's heels and did not know they had been placed there; that respondent was personally present and aided and assisted in the operation.  That notwithstanding respondent Beck personally and through his agents, servants and employees undertook to exercise the degree of care ordinarily exercised by doctors and nurses in that vicinity, after appellant's heels were burned and she was removed to a room in the hospital the respondents knowing of the burns did not administer to them in any manner.  That respondents were negligent and careless in placing the hot water bottles without covering them, in not examining the bottles after being placed at the appellant's heels to ascertain if appellant was being burned, in not administering to appellant to relieve the suffering from the burns and curing the injury, and appellant was permitted to suffer for approximately seven days after the burn.  That the doctor in charge of the operation had no control over the hospital or nurses therein and that respondent nurses were under the exclusive control and direction, and subject to the direction of respondent Beck.  That all of the injuries were proximately caused by the negligence and carelessness of respondents while the nurses were acting within the scope of their employment for respondent Beck in the hospital.

The trial court sustained respondent Beck's general demurrer and overruled the demurrer of respondent McClellan, the action below remaining *in status quo* as to her. Evidently respondent Benson was never served. This appeal is from the subsequent judgment of dismissal upon appellant's failure to plead further as against respondent Beck.

The demurrer was sustained on respondent's theory and contention that the negligence if any was the nurses', whom, though general servants of Beck, as owner of the hospital, were during the time of the operation as a matter of law loaned to and became the servants of and subject to the sole direction and control of the operating surgeon, hence no relationship of master and servant then existed between the nurses and Beck to render him liable for their negligence in putting the excessively hot water bottles at appellant's feet.

Many cases cited below[1] have considered questions bearing upon and one or two have given direct expression to the above proposition but it is unnecessary for us to decide the general point of law, because of the particular allegations of the amended complaint herein. The demurrer was improperly sustained for two reasons.

---

[1] *Burns v. Jackson*, 53 Cal. App. 345, 200 Pac. 80; *Burns v. Southern Pac. Co.*, 43 Cal. App. 667, 185 Pac. 875; *Burns v. Jackson*, 59 Cal. App. 662, 211 Pac. 821, held truck driver loaned by general master to another, subject to the exclusive control and direction of special master was employee of special master.

In *Puhlman v. Excelsior Express & Standard Cab Co.*, 259 Pa. 393, 103 Atl. 218, L. R. A. 1918E, 118, the driver of horse and wagon hired by express company but doing work for electric company under their direction and control, was employee of electric company.

In *Brady v. Chicago & G. W. Ry. Co.*, 114 Fed. 100, 57 A. L. R. 712, it was held the switchmen of the depot company were not the fellow servants of the employees of the railway company, nor were they the agents or servants of that company.

In *Thomas v. Great Western Mining Co.*, 150 Okl. 212, 1 Pac. (2d) 165, held that a third person to whom servants of a general master have been temporarily loaned with their consent is, for the time being, their master and responsible for a negligent injury to the servant so long as the third person actually exercises supervision and control over the servant.

First, the amended complaint charged negligence on the part of Beck and the nurses in failure to treat the burns after appellant was taken from the operating room, and it is conceded the authorities all hold that a hospital conducted for profit, as it is alleged was the situation herein, is liable for the negligence of its employees in such circumstances. (*Davis v. Potter,* 51 Ida. 81, 2 Pac. (2d) 318; *Hayhurst v. Boyd*

In *Devaney v. Lawler Corp.,* 101 Mont. 579, 56 Pac. (2d) 746, where third person exercises absolute control over loaned employee who was truck driver, he is the master, and general master not liable.

In *Aderhold v. Bishop,* 94 Okl. 203, 221 Pac. 752, 60 A. L. R. 137, it was held the relationship of master and servant exists between the head nurse of a hospital during the time required for the performance of an operation, although such nurse is not his regular employee of the operating surgeon, but he has temporary control of the servant.

In *Emerson v. Chapman,* 138 Okl. 270, 280 Pac. 820, where nurses are under immediate supervision and control of operating physician, they are his servants during the operation and while under his supervision.

In *Schloendorff v. Society of New York Hospital,* 211 N. Y. 125, 105 N. E. 92, Ann. Cas. 1915C, 581, 52 L. R. A., N. S., 505, it was held that the operating physician was not the servant of the hospital, and incidentally said that a nurse acting for an operating physician was under his supervision, and not a servant of the hospital.

In *Armstrong v. Wallace,* (Cal. App.) 37 Pac. (2d) 467, it was held, the hospital was not liable for acts of nurse furnished by hospital to doctor, since nurses in the surgery room are under control of doctor during preparation and progress of operation, and doctor, and not hospital is responsible for them.

In *Davis v. Potter,* 51 Ida. 81, 2 Pac. (2d) 318, it was held the nurse was under the actual supervision, direction and control during the time the operating physician remained in the room, and he was liable for her negligence.

In *Norwood Hospital v. Brown,* 219 Ala. 445, 122 So. 411, regular nurses of hospital held presumptively servants or employees of hospital, making the hospital liable for their negligence.

In *City of Tulsa v. Randall,* 174 Okl. 630, 52 Pac. (2d) 33, where servant truck driver is ordered by master to assist their person and while so doing remains under control and subject to master's orders, servant does not become servant of person being aided.

In *Hallinan v. Prindle,* 17 Cal. App. (2d) 656, 62 Pac. (2d) 1075, held hospital nurse in charge of operating room not surgeon's servant, employee or agent, precluding patient from recovering against surgeon.

*Hospital,* 43 Ida. 661, 254 Pac. 528; annotation, 22 A. L. R. 341, injuries from hot-water bags at page 349; annotation, 39 A. L. R. 1431, injuries from hot-water bags at page 1434; *Flower Hospital v. Hart,* 178 Okl. 447, 62 Pac. (2d) 1248; *Tucker Sanatorium v. Cohen,* 129 Va. 576, 106 S. E. 355, 22 A. L. R. 315; *Lamont v. Highsmith Hospital,* 209 N. C. 839, 183 S. E. 376; Id. 206 N. C. 111, 173 So. 46; *Parrish v. Clark,* 107 Fla. 598, 145 So. 848; *Emory University v. Shadburn,* 47 Ga. App. 643, 171 S. E. 192; *Birmingham Infirmary v.*

In *Flower Hospital v. Hart,* 178 Okl. 447, 62 Pac. (2d) 1248, held hospital not exempt from liability on ground of overmastership of surgeon employed by patient, where after surgeon's departure following operation, nurse employed by hospital burned patient with lamp without direction of any superior.

In *Norfolk & W. Ry. Co. v. Hall,* 57 Fed. (2d) 1004, held servant furnished by general employer to perform particular service for another under latter's control must be dealt with as latter's servant.

In *Wright v. Cane Run Petroleum Co.,* 262 Ky. 251, 90 S. W. (2d) 36, held servant of general and special master could recover from either under Workmen's Compensation Law.

*Campbell v. Connolly Contracting Co.,* 179 Minn. 416, 229 N. W. 561, held an employee furnished to accompany an instrumentality let by the owner thereof to another remains employee of such owner.

In *Jordan v. Touro Infirmary,* (La. App.) 123 So. 726, held nurse furnished to patients in hospital is not its servant within statute while performing duties in operating room under orders of surgeon.

In *Messina v. Societe, etc.,* (La. App.) 170 So. 801, held an interne at hospital was employee of physician not of hospital when administering treatment at request of physician even though physician was not present.

In *Gordon v. S. M. Byers Motor Car Co.,* 309 Pa. 453, 164 Atl. 334, truck dealer, general master, and prospective buyer, special master, were joint tort-feasors as to injury inflicted by servant, truck driver.

In *Thatcher v. Pierce,* 281 Pa. 16, 125 Atl. 302, held owner whose business was hiring out trucks and driver is liable in damages for injury in course of hiring, presumption was on master's business, being rebuttable.

In *Hallinan v. Prindle,* 220 Cal. 46, 29 Pac. (2d) 202, a judgment against a hospital where the hospital, nurse and physician were charged as joint tort-feasors was reversed.

In *Stanley v. Schumpert,* 117 La. 255, 41 So. 565, 116 Am. St. 202, 8 Ann. Cas. 1044, 6 L. R. A., N. S., 306, it was held the lessee of a hospital was responsible for negligence of its nurses.

*Coe*, 206 Ala. 687, 91 So. 604; *Mulliner v. Evangelischer, etc.*, 144 Minn. 392, 175 N. W. 699; *Meridian Sanatorium v. Scruggs*, 121 Miss. 330, 83 So. 532; *Marie v. Laurel General Hospital*, 130 Miss. 246, 93 So. 817; *Kuglich v. Fowle*, 185 Wis. 124, 200 N. W. 648; Id. 176 Wis. 60, 186 N. W. 188; *Duke Sanitarium v. Hearn*, 159 Okl. 1, 13 Pac. (2d) 183; *Timbrell v. Suburban Hospital*, 4 Cal. (2d) 68, 36 Pac. (2d) 435, 47 Pac. (2d) 737; 30 C. J. 467, sec. 17, notes 12 and 13; 30 C. J. 467, sec. 18, notes 16 and 18.)

▮ Nothing is considered, held or decided by the above statement as to charitable or public institutions, nor except as to nurses employees of the hospital charged.

Second, whatever may be the general rule as contended for by respondent in his theory above stated, herein there is specific allegation that at the time of the operation the nurses were not servants of or under the control of the operating surgeon but of Beck, hence the sufficiency of the pleading here considered is to be determined by these specific allegations:

"XI.

"That the doctor in charge of the operation upon plaintiff had no control over said hospital or nurses, agents, servants and employees therein, and particularly the defendants McClellan and Benson, and that the said agents, servants and employees of the defendant Beck, and particularly said defendants McClellan and Benson, were under the exclusive control and direction, and subject to the direction of the defendant Beck.

"XII.

"That all of the injuries aforesaid, sustained by plaintiff, were proximately caused by the negligence and carelessness of the defendant Beck, his agents, servants and employees, to-wit: said defendants McClellan and Benson, while said McClellan and Benson were acting within the scope of their employment for the defendant Beck in said hospital."

These allegations sufficiently charge Beck with liability as the master, in control of the nurses, for their alleged negligence.

▮ Respondent contends these allegations are mere legal conclusions and contrary to what he contends are the above

asserted legal principles of nonliability of a hospital for acts of its nurses in the operating room. None of the cases cited or found disclose that such a pleading as this was discussed, considered or construed, nor does any hold that such relationship as here alleged could not as a special circumstance legally exist, and the allegations are sufficiently statements of fact to properly plead a cause of action. In *May v. Farrell*, 94 Cal. App. 703, 271 Pac. 789, at 792, it was said:

" . . . . As held in *Kuhl v. United States Health & Accident Ins. Co.*, 112 Minn. 197, 127 N. W. 628, the terms 'scope of employment' and 'course of employment,' like negligence, are now generally regarded as conclusions of fact, and under liberal rules of pleading a complaint containing such allegations is sufficient to justify the admission of evidence in support thereof. . . . . "

See *Coughlin v. Boston Tow-Boat Co.*, 151 Mass. 92, 23 N. E. 721 (first case) ; *Sturgis v. Kansas City Rys. Co.*, (Mo. App.) 228 S. W. 861; *Maniaci v. Interurban Express Co.*, 266 Mo. 633, 182 S. W. 981; *Singer Sewing Mach. Co. v. Phipps*, 49 Ind. App. 116, 94 N. E. 793; *Burdette v. Henson*, 96 W. Va. 31, 122 S. E. 356, 37 A. L. R. 489; *Kuhl v. United States Health, etc.*, 112 Minn. 197, 127 N. W. 628; *Collum Motor Co. v. Anderson*, 222 Ala. 643, 133 So. 693; *Mount Vernon-Woodberry Mills v. Little*, 222 Ala. 605, 133 So. 710; *Nees v. Julian Goldman Stores*, 106 W. Va. 502, 146 S. E. 61; Id., 109 W. Va. 329, 154 S. E. 769; *Hains v. Parkersburg, M. & I. Ry. Co.*, 71 W. Va. 453, 76 S. E. 843; Id., 75 W. Va. 613, 84 S. E. 923.

This amended complaint therefore stated a cause of action against Beck for the negligent placing of the bottles, and failure to thereafter properly treat appellant.

Judgment reversed and cause remanded with directions for the trial court to overrule the demurrer and entertain further appropriate proceedings. Costs to appellant, against Beck only.

Morgan, C. J., and Holden, Ailshie, and Budge, JJ., concur.