Neely, et al. *v.* City of Charleston.

In Banc. Nov. 22, 1948.

(37 So. (2d) 495)

Breland & Whitten, and B.J. Dye, for appellants.

**Caldwell & Caldwell,** for appellee.

## Montgomery, J.

On April 1, 1947, the Board of Mayor and Commissioners of the City of Charleston passed an ordinance extending the boundaries of the city to embrace one tract containing approximately 51 acres northeast of the city and another tract, containing approximately 40 acres, immediately south of the city, so far as can be determine from this record.

Miss Mae Neely and others, feeling aggrieved by the passage of the ordinance, took an appeal to the Circuit Court of the first judicial district of Tallahatchie County, where the matter was heard upon the issue of whether the ordinance be or be not unreasonable. The jury found the ordinance to be reasonable and valid and a judgment

annexing the area described in the ordinance was accordingly entered in the lower court. From that judgment, the case is brought here on appeal.

Four grounds of error are assigned by appellants in their assignment of error but there is only one of them that merits discussion. Under assignment No. 3 it is urged that the court below erred in granting instruction No. 7, which reads as follows: "The Court further instructs the jury that the land sought to be annexed to the city is contiguous thereto, and the people living in said territory are greatly in need of streets, although only a part of said land has been platted and laid off in lots, yet if there is a need, as shown by the evidence, of streets, sidewalks and alleys and that public convenience and health require that the lands be subject to the jurisdiction of the city for the protection of the property therein, these facts are sufficient to sustain the reasonableness of the ordinance annexing said territory to the city."

It is urged by appellants that by this instruction the court peremptorily instructed the jury that "the people living in the territory sought to be annexed are greatly in need of streets," while the need of streets, if any, was one of the matters to be considered by the jury in testing the reasonableness of the ordinance. But let us also observe that the court followed this objectionable language with "yet if there is a need, as shown by the evidence, of streets, sidewalks . . . and that public convenience and health require that the lands be subject to the jurisdiction of the city for the protection of the property therein, these facts are sufficient to sustain the reasonableness of the ordinance annexing said territory to the city." Consequently, a fair and reasonable interpretation of this instruction is that the court did not tell the jury to find the ordinance reasonable, unless it was shown by the evidence that there was a need for the streets, sidewalks, etc., and that public convenience and health required that the lands be subjected to the jurisdiction of the city for the protection of the property therein. The reason-

ableness of the ordinance was the issue to be determined and the need of streets, if any, was only one circumstance among many to be considered by the jury in arriving at its conclusion upon whether or not the ordinance is reasonable, and the jury was directed to look to the evidence for the basis for determining whether there was a need for the streets. The main fault with the instruction is that it does not state a hypothesis. The jury should have been instructed that if they believe from the evidence that there is a need of streets, etc., these facts would be sufficient to sustain the reasonableness of the ordinance, provided, of course, they also believed from the evidence the existence of the other elements set up therein. But in the present case the facts constituting the city's theory and appellants' theory are testified to clearly and directly and were no doubt argued to the jury and no prejudice could result to the appellants, under the facts of this case, by giving this instruction. ██ ██ This court will not reverse a case because the instruction is not happily phrased, or because not exactly technically correct, so long as the instruction is not misleading, or where the inaccuracy complained of could have had no influence on the jury in reaching the verdict that could be said to be improper. Substantial accuracy is all that is required in an instruction, and unless the court can see that jury may have been misled, it will not reverse. Meridian Sanatorium v. Sruggs, 121 Miss. 330, 83 So. 532. ██ ██ The fact that an instruction is technically inaccurate will not alone cause a reversal of a judgment; but when the case on appeal is examined as a completed trial, and substantial error has not been committed and a fair and a just result has been reached, the judgment will be affirmed, notwithstanding error in an instruction. City of Jackson v. Wright, 151 Miss. 829, 119 So. 315; Nelms & Blum Co. v. Fink, 159 Miss. 372, 131 So. 817.

Viewed in the light of these established legal principles, this record convinces us that a fair and just result has been reached and that under the facts here the

jury reached a proper verdict. Consequently, we cannot say that the inaccuracy in the instruction may have misled the jury in reaching an improper verdict, for here the verdict is proper, and we must find it improper before we can reverse.

Affirmed.