LEE, Justice,
for the Court:
Bobby Gene Mayberry and Ruth Dorgan Mayberry, husband and wife, filed separate suits in the Circuit Court of Pearl River County, Mrs. Mayberry seeking damages for personal injuries and Mr. Mayberry seeking damages for loss of consortium and for medical expenses incurred by his wife. The causes were consolidated for trial, the jury returned a verdict for the defendants, Pearl River Farmers’ Cooperative, A. A. L. [Co-op] and Homer T. Carroll, and judgment was entered for them. On this appeal, the Mayberrys assign the following errors in the trial below:
(1) The lower court erred in refusing to grant appellants a peremptory instruction as requested in Instruction No. P-1.
(2) The lower court erred in overruling appellants’ motion for a judgment notwithstanding the verdict, or, in the alternative, motion for a new trial.
(3) The lower court erred in granting ap-pellees’ Instruction D — 2 over the objection of appellants, since the instruction as granted omitted proper words of limitation and was confusing and misleading.
(4) The lower court erred in granting ap-pellees’ Instruction D — 4 over the objection of appellants, because the instruction contained statements of facts not in evidence.
*194 On October 22,1975, Homer T. Carroll, an employee of Pearl River Farmers’ Cooperative, A. A. L., had driven a pickup truck from the loading dock of the Co-op to a point about fifty (50) feet in front of the office. He then started backing to the front door for the purpose of unloading a crated lawnmower to be displayed inside the building.
Carroll testified that before backing up he looked to the right and left and looked around back of the pickup truck and, except for one blind spot where he could not see, the lot was clear. Donnie Penton, another employee, testified that he saw the Mayber-ry car (Mayberry was driving and Mrs. Mayberry was sitting beside him) turn off the main street into the Co-op lot and at that time both vehicles were moving. He did not actually see the collision. Sylvester Lewis, manager of the Co-op, was looking out the window. He testified that the area was clear when Carroll began to back the truck and that the Mayberry vehicle was driven into the path of the truck and stopped just before the time of impact. Evidence for the appellees also indicates that damage to the Mayberry vehicle was a small dent in the left rear fender approximately ten (10) inches in diameter and two (2) inches deep.
Assignments 1 and 2, dealing with refusal of the court to grant a peremptory instruction to appellants on liability and with refusal of the court to sustain a motion for judgment notwithstanding the verdict on behalf of appellants, or, in the alternative, for a new trial, will be discussed together.
All the parties agree that the law as expressed in Fowler Butane Gas Co. v. Varner, 244 Miss. 130, 141 So.2d 226 (1962) applies to this case, but both appellants and appellees contend that the principle expressed is authority for them, respectively. In Fowler the Court said:
“This Court has long held in passing upon a motion for a directed verdict, the trial court must concede to be true all evidence supporting the view of the party against whom the motion is made, giving him the benefit of all legitimate inferences that may be drawn from the testimony introduced. [Citing cases].” 244 Miss. at 142, 141 So.2d at 229.
See also Paymaster Oil Mill Co. v. Mitchell, 319 So.2d 652 (Miss.1975).
Mississippi Code Annotated Section 11 — 7— 17 (1972) provides: “All questions of negligence and contributory negligence shall be for the jury to determine.” The principle expressed in that statute has been upheld repeatedly by the decisions of this Court. See Employers Mutual Casualty Co. v. Ainsworth, 249 Miss. 808, 164 So.2d 412 (1964), where the Court said:
“At last, the question is: Can the Court say with confidence that the verdict is manifestly against all reasonable probability; that manifestly it has not responded to reason upon the evidence produced? Unless the Court can so say, the verdict must stand, for otherwise there would be only a matter of conflict in the evidence, in which case, if the issues have been fairly submitted to the jury on proper instructions, the verdict is irreversible. Goodyear [Yellow Pine Co.], etc., Co. v. Anderson, 171 Miss. 530, 536, 157 So. 700; Cox v. Tucker, 133 Miss. 378, 385, 97 So. 721; and see the long list of cases from this Court gathered under Note 16 in 5 C.J.S. Appeal and Error p. 616, § 1648.” 249 Miss. at 824, 164 So.2d at 419.
In Tallahatchie Valley Electric Power Ass’n. v. Clinton, 347 So.2d 348 (Miss.1977), the Court reiterated the rule:
“We are, of course, aware that a court should not substitute its judgment for a jury’s verdict and we acknowledge the principle with great respect. Employers Mutual Casualty Co. v. Ainsworth, 249 Miss. 808, 164 So.2d 412 (1964).” 347 So.2d at 351.
When we consider all facts in evidence, together with reasonable inferences flowing therefrom favorable to appellees, we conclude that they were sufficient to constitute a jury question and that the first two assignments of error are without merit.
The appellants contend (3) that the lower court erred in granting Instruc *195 tion D-2 over objection of appellants. That instruction follows:
“The court instructs the jury that the mere fact there was a collision of vehicles does not, of itself, establish negligence on the part of anyone.
The court instructs you this is a damage suit that has been consolidated for trial purposes and which is permitted by law. That in a damage suit the burden of establishing negligence on the part of the defendants rests upon the plaintiffs, and even if you should believe from a preponderance of the evidence in this case the defendants were negligent still this [alone] does not [of itself] entitle the plaintiffs to recover, but the plaintiffs must prove by a preponderance of the evidence in this case, this does not entitle the plaintiffs to recover until the plaintiffs have established by a preponderance of the evidence that as a direct or contributing cause of such negligence, if any, the plaintiff suffered injuries or damages, and, unless the plaintiffs have so established by a preponderance of the evidence in this case, it is your sworn duty to find for the defendants.”
In the middle of the Instruction No. 2, language was repeated, probably from typographical error. However, the part of the instruction about which appellants complain was the failure to include the words “alone” and “of itself.” Appellants contend that the language of Tombigbee Electric Power Ass’n. v. Gandy, 216 Miss. 444, 62 So.2d 567 (1953) and Pargas of Taylorsville, Inc. v. Craft, 249 So.2d 403 (Miss.1971) should have been followed in the instruction. That part of the opinion in Tombig-bee is as follows:
“But even where negligence is shown that fact alone affords no basis for the recovery of damages unless it further appears from direct evidence or reasonable inference that such negligence proximately contributed to the damage.” 216 Miss. at 452, 62 So.2d at 569.
Pargas stated:
“As is true in the case of danger, so negligence of itself is not sufficient to permit a recovery because of injuries sustained by another. The injury must have been caused by the negligence complained of.” (Emphasis added) 249 So.2d at 406.
Instructions do not necessarily have to follow verbatim the language of an opinion. Failure to include the words set out does not constitute reversible error, particularly when the instruction is read together with all other instructions, and more particularly Instructions P-10, P-11 and D-3. See American Creosote Works, Inc. v. Smith, 233 Miss. 892, 103 So.2d 861 (1958); Neely v. Charleston, 204 Miss. 360, 37 So.2d 495 (1948); and Meridian Sanitorium v. Scruggs, 121 Miss. 330, 83 So. 532 (1919).
Appellants contend in Assignment No. 4 that the lower court erred in granting appellees Instruction D-4 which follows:
“The Court instructs the jury that the defendant were not negligent per se in backing the defendants’ truck, if you believe from a preponderance of the evidence in this case the defendant, Homer T. Carroll, could not see over the back of his truck so as to know what might be in his way, provided, you believe from the evidence, that Homer T. Carroll took reasonable precaution before starting to back, and made proper observations by looking to the right and to the left of his truck and by looking over the back, and while backing his truck, the plaintiff Bobby Gene Mayberry suddenly drove his automobile into the direct path of the backing truck of the defendants, and that such act on the part of Bobby Gene May-berry was the sole proximate cause of the collision of the vehicles, then it is your sworn duty to find for the defendants.”
Appellants argue that there is no evidence to support the part of Instruction D-4 “that Homer T. Carroll took reasonable precaution before starting to back, and make proper observations by looking to the right and to the left of his truck and by looking over the back, . . . ”
Appellee Carroll testified that he looked to the right and to the left and he could see *196 all the parking area in the general direction in front of the store, that he could see part of the box that was in the back of the pickup truck, and he could see between the truck (top of back glass) and the box about a twenty-foot area and there was nothing in the way. He further testified that there was only a blind spot where the rounded part of the cab was between the back glass and the door glass. The instruction sufficiently followed the evidence in the case, and the instruction did not constitute reversible error.
Therefore, the judgment of the trial court is affirmed.
AFFIRMED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.