# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Michael B. Slusarek,**
**Plaintiff Below, Petitioner**

**vs)  No. 14-0955** (Brooke County 12-C-141)

**John Riley Co., LLC, d/b/a**
**Kwik King Food Stores,**
**a West Virginia company,**
**Defendant Below, Respondent**

**FILED**

June 12, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Michael B. Slusarek, by counsel Jeffrey L. Robinette and Terry B. Tignor, appeals the order of the Circuit Court of Brooke County, entered on August 15, 2014, denying his motion for judgment notwithstanding the verdict, and alternatively, his motion for a new trial. Respondent John Riley Co., LLC, d/b/a Kwik King Food Stores, by counsel Michelle L. Gorman, filed a response. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

### Factual and Procedural Background

The present appeal arises from an incident that occurred at the respondent's Weirton Kwik King store in the late hours of July 6, 2012, and early morning of July 7, 2012. Petitioner made a purchase at the drive-through window and claimed that he received incorrect change. The clerk who served petitioner did not know whether petitioner paid with a $10 bill or a $20 bill; therefore, according to store policy, petitioner was asked to leave his name and telephone number so that he could be contacted the following day and reimbursed any money due him if he was given incorrect change. Petitioner refused to do so and began yelling at respondent's shift supervisor, Tamara Staats. Ms. Staats' boyfriend, Jordan Parker, was in the store at the time of incident and went outside to talk to petitioner. The two men eventually began yelling at each other and Mr. Parker punched petitioner. The police were called and responded to the incident, however, no charges were filed.

Petitioner filed a civil action against (1) respondent, (2) John and Rita Riley, each individually, and (3) Jordan Parker, individually. Against respondent, petitioner alleged claims of

1

premises liability, vicarious liability, negligent supervision, and intentional infliction of emotional distress. Petitioner sought both compensatory and punitive damages. Petitioner's appeal centers on his allegation that Mr. Parker was an agent and/or a volunteer employee of respondent, and therefore, respondent should be liable for Mr. Parker's conduct.

The case proceeded to a three-day jury trial in July of 2014. After the close of evidence, the circuit court granted Mr. and Mrs. Riley's motion to dismiss them as individuals, finding that there was no legally sufficient basis for a reasonable jury to find them liable. Additionally, the circuit court granted the Rileys' and respondent's motions to dismiss petitioner's claim of premises liability and claim for punitive damages. The circuit court denied Mr. Parker's motion to dismiss petitioner's punitive damages claim; however, petitioner later withdrew it.

The jury returned a verdict finding that Mr. Parker acted intentionally to cause harmful or offensive contact with petitioner; that Mr. Parker was ninety percent at fault; that respondent was five percent at fault; and that petitioner was five percent at fault. Important for the purposes of this appeal, the jury found that respondent was not vicariously liable for Mr. Parker's actions. The jury awarded petitioner damages totaling $206,024.09. Petitioner then filed a motion for judgment notwithstanding the verdict against respondent, and alternatively, a motion for a new trial on vicarious liability, respondeat superior, and premises liability against respondent. The circuit court denied those motions by order entered on August 15, 2014, and this appeal followed.

**Discussion**

Petitioner raises three assignments of error on appeal. First, he asserts that the circuit court erred in denying his motion for judgment notwithstanding the verdict against respondent, arguing that the jury's failure to hold respondent vicariously liable for Mr. Parker's actions was against the greater weight of the evidence. With respect to our review of the denial of a motion for judgment notwithstanding the verdict, we have held as follows:

> In reviewing a trial court's denial of a motion for judgment notwithstanding the verdict, it is not the task of the appellate court reviewing facts to determine how it would have ruled on the evidence presented. Its task is to determine whether the evidence was such that a reasonable trier of fact might have reached the decision below. Thus, in ruling on a denial of a motion for judgment notwithstanding the verdict, the evidence must be viewed in the light most favorable to the nonmoving party. If on review, the evidence is shown to be legally insufficient to sustain the verdict, it is the obligation of the appellate court to reverse the circuit court and to order judgment for the appellant.

Syl. Pt. 1, in part, *Alkire v. First Nat'l Bank of Parsons,* 197 W.Va. 122, 475 S.E.2d 122 (1996). Additionally, this Court has long held that

> [i]n determining whether the verdict of a jury is supported by the evidence, every reasonable and legitimate inference, fairly arising from the evidence in favor of the party for whom the verdict was returned, must be

considered, and those facts, which the jury might properly find under the evidence, must be assumed as true.

Syl. Pt. 3, *Walker v. Monongahela Power Co.,* 147 W.Va. 825, 131 S.E.2d 736 (1963).

With regard to the question of whether an agency relationship exists, we have held that "if the facts pertaining to the existence of an agency are conflicting, or conflicting inferences may be drawn from them, the question of the existence of the agency is one of fact for the jury." Syl. Pt. 1, in part, *Laslo v. Griffith,* 143 W.Va. 469, 102 S.E.2d 894 (1958). Moreover, "[t]he law indulges no presumption that an agency exists; on the contrary a person is legally presumed to be acting for himself and not as the agent of another person; and the burden of proving an agency rests upon him who alleges the existence of the agency." Syl. Pt. 3, *Bluefield Supply Co. v. Frankel's Appliances, Inc.,* 149 W.Va. 622, 142 S.E.2d 898 (1965).

In the present case, the issue of whether Mr. Parker was acting as respondent's agent when he confronted petitioner was vigorously disputed. Petitioner argues that the jury's finding that respondent was not liable for Mr. Parker's conduct went against the clear weight of the evidence. Petitioner argues that the surveillance video[1] of the incident shows Mr. Parker kissing and holding hands with Ms. Staats before the incident; the cashier taking petitioner's order; Ms. Staats attending to petitioner, aware of the dispute; and then, most importantly, Ms. Staats handing Mr. Parker the receipt and allowing him to interact with petitioner, with receipt in hand. Additionally, petitioner states that Ms. Staats confirmed that Mr. Parker was trying to explain the store's policy of gathering contact information to petitioner when the fight erupted, providing clear evidence that Mr. Parker was acting on respondent's behalf at the time. Finally, petitioner testified that Mr. Parker told him he was an employee of respondent.

Upon our review of the record, and given the applicable standard of review, we find it unwarranted to disturb the jury's finding. The jury watched the surveillance video multiple times and drew its own conclusions. Mr. Parker disputed petitioner's testimony that he told petitioner he was respondent's employee. The jury heard Mr. Parker testify that Ms. Staats did not know what he was doing when he confronted petitioner and that she was on the phone at the time she handed him the receipt. Additionally, the cashier who served petitioner testified that Mr. Parker was not instructed to handle the situation on Ms. Staats or respondent's behalf. Petitioner's disagreement with the jury's findings does not equate to error. Therefore, based on our review, the evidence was such that a reasonable jury might have reached the decision it did, and the circuit court did not err in denying petitioner's motion for judgment notwithstanding the verdict.

Petitioner's second assignment of error is that the circuit court erred by refusing to give a fair and balanced set of jury instructions addressing a crucial aspect of petitioner's case, which he contends severely prejudiced his vicarious liability claim. Petitioner argues that the error came when the circuit court gave the following instruction requested by respondent:

You must then determine if [respondent] is liable for the acts of [Jordan Parker] under a theory of vicariously liable (sic). A tortfeasor whose negligence is a

---

[1] Respondent notes that the video surveillance did contain audio.

substantial factor in bringing about injuries is not relieved from liability by the intervening acts of third persons if those acts were reasonably foreseeable by the original tortfeasor at the time of the negligent conduct. However, generally, a willful or malicious (sic) breaks the chain of causation.

Petitioner requested the following balancing instruction from a 1928 case,[2] which the circuit court denied:

Under W.Va. law, a person or business entity that sends forth an agent is responsible when the agent, through a "lack of judgment or discretion, or from infirmity of temper, or when under the influence of passion aroused by the circumstance and the occasion," goes beyond the strict line of his or duty or authority and inflicts injury upon another.

Petitioner contends that it was clear that Mr. Parker's acts were intentional, but such a finding should not shield respondent from liability in every scenario.

We disagree that the circuit court erred in its jury instructions.

"The formulation of jury instructions is within the broad discretion of a circuit court, and a circuit court's giving of an instruction is reviewed under an abuse of discretion standard. A verdict should not be disturbed based on the formulation of the language of the jury instructions so long as the instructions given as a whole are accurate and fair to both parties."

Syl. Pt. 6, *Tennant v. Marion Health Care Found., Inc.,* 194 W.Va. 97, 459 S.E.2d 374 (1995). Additionally, we have held that

"A trial court's instructions to the jury must be a correct statement of the law and supported by the evidence. Jury instructions are reviewed by determining whether the charge, reviewed as a whole, sufficiently instructed the jury so they understood the issues involved and were not misle[d] by the law. A jury instruction cannot be dissected on appeal; instead, the entire instruction is looked at when determining its accuracy. A trial court, therefore, has broad discretion in formulating its charge to the jury, as long as the charge accurately reflects the law. Deference is given to a trial court's discretion concerning the specific wording of the instruction, and the precise extent and character of any specific instruction will be reviewed only for an abuse of discretion." Syllabus point 4, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 2, *Reynolds v. City Hosp., Inc.,* 207 W.Va. 101, 529 S.E.2d 341 (2000).

When read in their entirety, we find that the instructions as given were correct. Petitioner does not dispute that willful and malicious acts break the chain of causation; however, he claims

---

[2] *Nees v. Julian Goldman Stores, Inc.,* 106 W.Va. 502, 146 S.E.2d 61 (1928).

4

that the instruction was erroneous because it was designed to absolve respondent of all liability for Mr. Parker's conduct *despite overwhelming evidence that he was working on respondent's behalf*. The obvious problem with petitioner's argument is that there was not overwhelming evidence to this effect. The jury simply disagreed with petitioner's evidence. Accordingly, we do not find any instructional error by the circuit court.

Petitioner's final assignment of error is that the circuit court erred by denying his alternative motion for a new trial on his claims of vicarious liability, respondeat superior, and premises liability against respondent. Petitioner contends that the verdict went against the greater weight of the evidence and the circuit court's exclusionary rulings took the issue of premises liability away from the jury despite the availability of supporting evidence and testimony. Petitioner argues that a new trial on vicarious liability is warranted because Mr. Parker was acting on respondent's behalf to resolve a purchase dispute; the jury's finding him only individually liable is against the clear weight of the evidence.

Petitioner argues that a new trial on his premises liability claim is warranted because the circuit court dismissed the claim despite respondent's duty to protect its customer from Mr. Parker's attack. Petitioner states that the circuit court excluded evidence that would have demonstrated the foreseeability of the attack, namely, that Ms. Staats knew that Mr. Parker had issues dealing with his anger, as evidenced by a previous Facebook post that he needed "anger management." Additionally, petitioner states that Mr. Parker was a fan of "Ultimate Fighting Championship," a violent fighting sport, as evidenced by his own deposition and a "TapouT"[3] logo tattooed on his fist. Petitioner challenges the circuit court's determination that such evidence was irrelevant.[4]

Upon our review, we find no error in the circuit court's evidentiary rulings and in its denial of petitioner's motion for a new trial.

> "The West Virginia Rules of Evidence and the West Virginia Rules of Civil Procedure allocate significant discretion to the trial court in making evidentiary and procedural rulings. Thus, rulings on the admissibility of evidence . . . are committed to the discretion of the trial court. Absent a few exceptions, this Court will review evidentiary and procedural rulings of the circuit court under an abuse of discretion standard."

Syl. Pt. 1, in part, *McDougal v. McCammon*, 193 W.Va. 229, 455 S.E.2d 788 (1995).

Petitioner sought to introduce evidence that Mr. Parker was a fan of "Ultimate Fighting Championship" on television in an effort to show that he had a propensity for

---

[3] "Tapou[t]" is an alternate name for a fighter's submission in contact sports, and is used as a brand name for training facilities and clothing retailers related to the mixed martial arts industry.

[4] The circuit court excluded the evidence because it did not demonstrate that Parker had been in fights himself.

fighting. However, the record is devoid of evidence that Mr. Parker personally participated in fighting. Additionally, there was no evidence of any physical altercations at the Kwik King prior to the incident at issue in the present case. Based on the record, we find no abuse of discretion by the circuit court in the exclusion of this evidence. Accordingly, petitioner has failed to demonstrate that a new trial on his claims of vicarious liability, respondeat superior, and premises liability is warranted.

For the foregoing reasons, we affirm the circuit court's August 15, 2014, order.

Affirmed.

**ISSUED:** June 12, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II